Daniel C. Girard (State Bar No. 114826)
dcg@girardgibbs.com
Jonathan K. Levine (State Bar No. 220289)
jkl@girardgibbs.com
Amanda M. Steiner (State Bar No. 190047)
as@girardgibbs.com
Rebecca A. Netter (State Bar No. 252042)
ran@girardgibbs.com
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Attorneys for Individual and Representative
Plaintiffs Jana McCoy, Henry Mitchell and Jeff Huber

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JANA MCCOY, HENRY MITCHELL and JEFF HUBER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CULLUM & BURKS SECURITIES, INC., SECURITIES AMERICA, INC., AMERIPRISE FINANCIAL, INC., and CAPWEST SECURITIES, INC.<br>Defendants. | Case No. **SACV09-1084** AG (RNBx)<br><br><u>CLASS ACTION COMPLAINT FOR VIOLATIONS OF SECTIONS 12 AND 15 OF THE SECURITIES ACT OF 1933</u><br><br><u>DEMAND FOR JURY TRIAL</u> |

1

CLASS ACTION COMPLAINT

1      Plaintiffs Jana McCoy, Henry Mitchell and Jeff Huber (collectively "Plaintiffs")

2  allege the following upon information and belief based, *inter alia*, on the investigation

3  conducted by Plaintiffs and their counsel, except as to those allegations pertaining to

4  Plaintiffs' own acts, which are alleged upon personal knowledge.  This action is related to

5  the action entitled *Securities and Exchange Commission v. Medical Capital Holdings,*

6  *Inc., et al.*, Case No. SACV09-818 (DOC), pending in this District before the Honorable

7  David O. Carter.  Pursuant to Section IX of the Court's August 18, 2009 Preliminary

8  Injunction Order in the *SEC* action, Plaintiffs have not asserted claims in this Complaint

9  against Medical Capital Holdings, Inc. ("MCH"), Medical Capital Corporation ("MCC"),

10  any subsidiaries or affiliates of MCH or MCC, Sidney M. Field or Joseph J. Lampariello.

## INTRODUCTION

12      1.    This is a securities class action under Section 12(a) of the Securities Act of

13  1933 (the "Securities Act") on behalf of all persons or entities who purchased or

14  otherwise acquired notes of Medical Provider Financial Corporation III ("MP III"),

15  Medical Provider Financial Corporation IV ("MP IV"), Medical Provider Funding

16  Corporation V ("MP V"), and/or Medical Provider Corporation VI ("MP VI") (the

17  "MedCap Securities") pursuant to private placement memoranda ("PPMs") on or after

18  September 18, 2006 from Defendants Cullum & Burks Securities, Inc., Securities

19  America, Inc., or CapWest Securities, Inc., or any of their affiliates (the "Class").

20      2.    Beginning in December 2003, MCH, a company that purported to finance

21  medical receivables in the United States, began a series of integrated public offerings

22  through six special purpose corporations (Medical Provider Financial Corporation I ("MP

23  I"), Medical Provider Financial Corporation II ("MP II"), and MP III - VI) (collectively

24  the "MedCap Entities").  The securities sold by the MedCap Entities were offered to the

25  public through public solicitations, such that the offerings were not exempt from

26  registration under Section 5 of the Securities Act, notwithstanding any nominal

27  compliance with the accredited investor exemption under Regulation D of the Securities

28  Act.

CLASS ACTION COMPLAINT

3.     The PPMs pursuant to which the MedCap Securities were offered and sold were materially false and misleading because they misrepresented and omitted material facts pertaining to the terms of the offerings, the use of funds, the track record of the MedCap Entities and other material facts pertaining to the terms of the securities and the risks of investment in the MedCap Entities.

4.     Plaintiffs and the Class bring this action under Section 12(a)(1) of the Securities Act against Defendants and their affiliates for the sale of unregistered securities. Plaintiffs and the Class also bring this action under Section 12(a)(2) of the Securities Act against Defendants and their affiliates for their role in the offer and sale of MedCap Securities pursuant to materially false and misleading prospectuses. Plaintiffs and the Class also bring this action under Section 15 of the Securities Act against Defendant Ameriprise Financial, Inc. in its capacity as a control person of Defendant Securities America and its affiliates.

## JURISDICTION AND VENUE

5.     The claims asserted herein arise under and pursuant to Sections 12(a)(1), 12(a)(2) and 15 of the Securities Act, 15 U.S.C. §§ 77l(a)(1), 77l(a)(2) and 77o.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 22 of the Securities Act, 15 U.S.C. § 77v.

7.     Venue is proper in this District pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, because certain of the transactions, acts, practices, and courses of business occurred within this judicial district. In addition, the Defendants named herein maintain offices and conduct business in this District.

8.     Defendants, directly or indirectly, used the means or instruments of interstate commerce or the mails in connection with the acts described herein.

## PARTIES

**Plaintiffs**

9.     As set forth in the attached certification, Plaintiff Jana McCoy purchased MedCap Securities (MP VI notes) offered and sold to her by Defendant Cullum & Burke

3

CLASS ACTION COMPLAINT

1  in September 2008, and suffered damages as a result of the securities violations alleged
2  in this complaint.

3      10.    As set forth in the attached certification, Plaintiff Henry Mitchell purchased
4  MedCap Securities (MP V notes) offered and sold to him by Defendant Securities
5  America in December 2007 and July 2008, and suffered damages as a result of the
6  securities violations alleged in this Complaint.

7      11.    As set forth in the attached certification, Plaintiff Jeff Huber purchased
8  MedCap Securities (MP V notes) offered and sold to him by Defendant CapWest
9  Securities, Inc. in December 2007, January 2008 and February 2008, and suffered
10  damages as a result of the securities violations alleged in this Complaint.

11  **Defendants**

12      12.    Defendant Cullum & Burks Securities, Inc. is a full-service broker-dealer
13  with a national network of representatives, offering a range of investment products and
14  services. Cullum & Burks is an SEC registered investment advisor and broker-dealer
15  registered with both the SEC and the Financial Industry Regulatory Authority
16  ("FINRA"). The company was founded in 1999 and is an NASD member firm. Cullum
17  & Burks is headquartered in Dallas, Texas, and maintains a sales office in Newport
18  Beach, California.

19      13.    Defendant Securities America, Inc. is a wholly-owned subsidiary of
20  Defendant Ameriprise Financial, Inc. Securities America is one of the nation's largest
21  independent broker-dealers (registered with both the SEC and FINRA), and provides a
22  wide range of investment products and services. The advisory division of the company,
23  Securities America Advisors, Inc., was founded in 1993 and is an SEC registered
24  investment advisor with over $10.2 billion in assets under management. Securities
25  America is headquartered in Omaha, Nebraska, and maintains sales offices throughout
26  California.

27      14.    Defendant Ameriprise Financial, Inc. offers financial planning products and
28  services to nearly 3 million individual and institutional investors, primarily in the United

4

1    States.  Through Ameriprise Financial Services and other affiliates, the company sells

2    insurance, mutual funds, college savings plans, personal trust services, retail brokerage,

3    and other products and services.  Ameriprise distributes its products primarily through a

4    network of more than 12,400 financial advisors that includes direct employees,

5    franchisees, affiliates, and its Securities America broker-dealer subsidiary.  Ameriprise is

6    headquartered in Minneapolis, Minnesota, and maintains offices throughout California.

7        15.    Defendant CapWest Securities, Inc. is a full service brokerage firm with a

8    national network of representatives, offering a range of investment products and services.

9    The company is headquartered in Lakewood, Colorado, and maintains offices in

10    California.

11    **RELEVANT NON-PARTIES**

12        16.    MCH is a Nevada corporation with its principal place of business in Tustin,

13    California.  Through various wholly-owned subsidiaries and special purpose

14    corporations, MCH purports to provide financing to healthcare providers within the

15    United States by purchasing their accounts receivable and making secured loans to them.

16    MCH funds its healthcare financings through the public offerings of MedCap Securities

17    by the MedCap Entities.

18        17.    MCC is a Nevada corporation and wholly-owned by MCH, with its principal

19    place of business in Tustin, California.  MCC is the administrator for each of the MP

20    Entities and provides management, underwriting, and administrative services, such as

21    bookkeeping, payroll, and accounting services, including administration of all investor

22    notes and interest payments.

23        18.    Sidney M. Field was, at all relevant times, the Chief Executive Officer and a

24    director of MCH and its subsidiaries.  He resides in Villa Park, California.

25        19.    Joseph J. Lampariello was, at all relevant times, the President, Chief

26    Operating Officer and a director of MCH and its subsidiaries.  He resides in Newport

27    Beach, California and Huntington Station, New York.

28

5

CLASS ACTION COMPLAINT

20.    MP I was formed in September 2003 as a Nevada corporation and wholly-owned special purpose subsidiary of MCH.

21.    MP II was formed in October 2003 as a Nevada corporation and wholly-owned special purpose subsidiary of MCH.

22.    MP III was formed in February 2005 as a Nevada corporation and wholly-owned special purpose subsidiary of MCH.

23.    MP IV was formed in July 2005 as a Nevada corporation and wholly-owned special purpose subsidiary of MCH.  MP IV commenced operations in October 2006.

24.    MP V was formed in September 2007 as a Nevada corporation and wholly-owned special purpose subsidiary of MCH.

25.    MP VI was formed in April 2008 as a Nevada corporation and wholly-owned special purpose subsidiary of MCH.

26.    Between December 2003 and July 2009, the MedCap Entities conducted a series of continuous, integrated offerings of MedCap Securities, raising more than $2.21 billion through the issuance of notes to more than 21,840 investors

27.    On July 16, 2009 the SEC filed a complaint against MCH, MCC, Field, Lampariello and MP VI for violations of the federal securities laws.

28.    On July 20, 2009, MCH, MCC and the MedCap Entities were placed in receivership.  In light of the receivership and pending motions for permission to file for Chapter 11 bankruptcy, Plaintiffs have not named MCH, MCC, the MedCap Entities or their executives as defendants in this Complaint.

29.    This action asserts personal claims of the purchasers of MedCap Securities only, and does not assert or seek to assert any claim against any of the Medical Capital entities in bankruptcy or receivership, or any claim or right of any such entity in bankruptcy or receivership against any third party.

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

30.    Plaintiffs bring this action as a class action, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), on behalf of a class consisting of all persons and entities who purchased or otherwise acquired MedCap Securities offered and sold to them by Defendants Cullum & Burks, Securities America or CapWest Securities, or their affiliates, on or after September 18, 2006.  Excluded from the Class are Defendants and the Relevant Non-Parties identified above, their officers and/or directors, any person, firm, trust, corporation, officer, director or other individual or entity in which any Defendant or Relevant Non-Party has a controlling interest or which is related to or affiliated with any of the Defendants or Relevant Non-Parties, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

31.    The Class is so numerous that joinder of all members is impracticable. Plaintiffs believe that over 21,000 investors purchased MedCap Securities during the relevant time period.  Plaintiffs further believe that because Defendants Cullum & Burks, Securities America, CapWest Securities, and their affiliates were significant sellers of the MedCap Securities, joinder of all investors who were sold MedCap Securities by Defendants Cullum & Burks, Securities America, CapWest Securities and their affiliates is impracticable.

32.    The names and addresses of Class members are available from Defendants' records.  Notice can be provided to record owners via first class mail using techniques and a form of notice similar to those customarily used in class actions.

33.    Plaintiffs' claims are typical of the claims of the members of the Class. Plaintiffs and all members of the Class sustained damages as a result of the wrongful conduct complained of herein.

34.    Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained counsel competent and experienced in class action and

CLASS ACTION COMPLAINT

1  securities litigation. Plaintiffs have no interests that are contrary to, or in conflict with,

2  those of the members of the Class that Plaintiffs seek to represent.

3      35.    A class action is superior to other available methods for the fair and efficient

4  adjudication of this controversy. Because the damages suffered by individual Class

5  members may be relatively small, the expense and burden of individual litigation make it

6  virtually impossible for Class members to individually seek redress for the wrongful

7  conduct alleged.

8      36.    Common questions of law and fact exist as to all members of the Class and

9  predominate over any questions solely affecting individual members of the Class.

10  Questions of law and fact common to the Class include whether:

11      (a)    Defendants violated Sections 12(a)(1), 12(a)(2) and 15 of the

12  Securities Act, as alleged herein;

13      (b)    the MedCap Securities were offered in violation of the registration

14  requirements of the Securities Act;

15      (c)    each PPM constitutes a "prospectus" for purposes of Plaintiffs' claims

16  under the Securities Act:

17      (d)    the PPMs contain misstatements of material fact or omit to state

18  material facts necessary to make the statements made, in light of the circumstances under

19  which they were made, not misleading;

20      (e)    the broker-dealers who participated in the offer and sale of MedCap

21  Securities acted in concert as agents of the MedCap Entities;

22      (f)    Defendant Ameriprise controlled Defendant Securities America; and

23      (g)    the members of the Class have sustained damages and, if so, the

24  appropriate measure thereof.

25      37.    Plaintiffs know of no difficulty that will be encountered in the management

26  of this litigation that would preclude its maintenance as a class action.

27

28

CLASS ACTION COMPLAINT

## COUNT I

### Violations of Section 12(a)(1) of the Securities Act Against Defendants
### Cullum & Burke, Securities America and CapWest Securities

38.    Plaintiffs repeat and reallege each and every allegation above as if set forth fully herein.

39.    This Count is asserted against Defendants Cullum & Burks, Securities America, CapWest Securities and their affiliates for violations of Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1), on behalf of Plaintiffs and all members of the Class who purchased MedCap Securities from Defendants Cullum & Burke, Securities America, CapWest Securities or their affiliates on or after September 18, 2008.

40.    Defendants Cullum & Burks, Securities America, CapWest Securities and their affiliates offered and sold unregistered MedCap Securities and, in so doing, made use of instruments of transportation or communication in interstate commerce or the mails in violation of Section 5 of the Securities Act, 15 U.S.C. § 77(e).

41.    Defendants Cullum & Burks, Securities America, CapWest Securities and their affiliates were sellers within the meaning of the Securities Act because they solicited the purchase of MedCap Securities by Plaintiffs and other members of the Class, motivated at least in part by a desire to serve their own financial interests (or those of the MedCap Entities). By doing so, Defendants Cullum & Burks, Securities America, CapWest Securities and their affiliates received financial rewards, including but not limited to substantial commissions on the sales of MedCap Securities.  Defendants Cullum & Burks, Securities America, CapWest Securities and their affiliates used means and instrumentalities of interstate commerce and the United States mail.

42.    The MedCap Securities were offered to the general public in violation of the registration requirements of the Securities Act.  The MedCap Securities were offered pursuant to a single continuous, integrated offering whereby money from later offerings was commingled with money from earlier offerings and assets purchased by earlier offerings were transferred to later offerings.

9

CLASS ACTION COMPLAINT

43.    The offer of MedCap Securities included numerous solicitations of unaccredited investors, including sales pitches for MedCap Securities delivered at seminars, meetings and dinners to which attendees were invited without reference to their status as "accredited investors." Written materials offering MedCap Securities were widely disseminated and made available to the general public, including "Program Highlights" touting MedCap Securities on the internet. As a consequence of the use of these and other mass marketing techniques, more than 35 "unaccredited investors" were offered and sold MedCap Securities, such that any exemption from registration under Rule 506 of Regulation D, 17 C.F.R. §§ 230.501-230.508 was unavailable.

44.    Defendants Cullum & Burke, Securities America, CapWest Securities and their affiliates offered and sold MedCap Securities to persons who did not have knowledge obviating the need for the protection of the registration requirements of the Securities Act. Such persons lacked the sophistication and economic means to fend for themselves in obtaining the kind of information which registration would disclose. Purchasers of MedCap Securities include numerous persons of modest means, including retired elementary school teachers and retired salespeople.

45.    By virtue of the conduct alleged herein, Defendants Cullum & Burke, Securities America, CapWest Securities and their affiliates violated Section 12(a)(1) of the Securities Act, and Plaintiffs and members of the Class have suffered damages as a result. Accordingly, Plaintiffs and other members of the Class who purchased MedCap Securities on or after September 18, 2008 have the right to rescind and recover the consideration paid for the notes, together with interest thereon, and elect to rescind and tender their securities to Defendants. Plaintiffs and the members of the Class who have sold the notes for less than their stated principal value are entitled to damages.

46.    The Section 12(a)(1) claim brought by Plaintiffs and the Class is timely for those members of the Class who purchased MedCap Securities on or after September 18, 2008 because (i) not more than one year has elapsed since Plaintiffs and Class members' purchases of unregistered MedCap Securities, and (ii) not more than three years have

CLASS ACTION COMPLAINT

1  elapsed since the MedCap Securities purchased by Plaintiffs and the Class were offered
2  to the public.

### COUNT II

**Violations of Section 12(a)(2) of the Securities Act Against Defendants**
**Cullum & Burke, Securities America and CapWest Securities**

6  47.    Plaintiffs repeat and reallege each and every allegation above as if set forth
7  fully herein.

8  48.    This Count is asserted against Defendants Cullum & Burks, Securities
9  America, CapWest Securities and their affiliates for violations of Section 12(a)(2) of the
10  Securities Act, 15 U.S.C. § 77l(a)(2), on behalf of Plaintiffs and all members of the Class
11  who purchased or otherwise acquired MedCap Securities on or after September 18, 2006.

12  49.    Defendants Cullum & Burks, Securities America, CapWest Securities and
13  their affiliates were sellers, offerors and/or solicitors of sales of MedCap Securities. The
14  MedCap Securities were offered to the public pursuant to the PPMs. Because registration
15  of the MedCap Securities was required under the Securities Act, Plaintiffs and each of the
16  members of the Class were entitled to receive a "prospectus" in the form contemplated
17  under the Securities Act in connection with a registered offering of securities. The PPMs
18  provided to each purchaser of MedCap Securities constituted a prospectus within the
19  meaning of Section 12 of the Securities Act.

20  50.    Defendants Cullum & Burke, Securities America, CapWest Securities and
21  their affiliates were sellers within the meaning of the Securities Act because they
22  solicited the purchase of MedCap Securities by Plaintiffs and other members of the Class,
23  motivated at least in part by a desire to serve their own financial interests or those of the
24  MedCap Entities. By doing so, Defendants Cullum & Burke, Securities America,
25  CapWest Securities and their affiliates received financial rewards, including but not
26  limited to substantial commissions on the sales. Defendants Cullum & Burke, Securities
27  America, CapWest Securities and their affiliates used means and instrumentalities of
28  interstate commerce and the United States mail.

CLASS ACTION COMPLAINT

51.     The PPMs provided to Plaintiffs and the Class by Defendants Cullum & Burke, Securities America, CapWest Securities and their affiliates, contained untrue statements of material fact and omitted other material facts concerning the use to which investors' funds would be put, the backgrounds and qualifications of the executives responsible for running MCH, the role and responsibilities of the trustees identified in the PPMs, the source of funds used to pay investors returns on the MedCap Securities, and the risks of investment in the MedCap Securities.  The omitted information included the fact that investors' funds from later offerings had been commingled with earlier offerings, that investors' funds were not being applied to the purposes stated in the PPMs, and that investors were purchasing interests in a ponzi scheme.  The omitted information was necessary to make the statements in the PPMs, in light of the circumstances under which they were made, not misleading.

52.     Defendants Cullum & Burke, Securities America, CapWest Securities and their affiliates owed to Plaintiffs and members of the Class the duty to make a reasonable and diligent investigation of the statements contained in the PPMs with respect to each offering of MedCap Securities, to ensure that such statements were true and that there was no omission of material fact necessary to prevent the statements contained therein from being misleading.  Defendants Cullum & Burke, Securities America, CapWest Securities and their affiliates did not make a reasonable investigation or possess reasonable grounds to believe that the statements contained and incorporated by reference in the PPMs at the time of the MedCap Entities' offerings were true and without omissions of material fact and were not misleading.  Had Defendants Cullum & Burke, Securities America, CapWest Securities and their affiliates exercised reasonable care, they would have known of such omissions.

53.     Plaintiffs and Class members purchased or otherwise acquired MedCap Securities pursuant to the materially untrue and misleading PPMs and did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained therein before the June 8, 2009 distribution to MP VI broker-dealers (including

1  Cullum & Burke, Securities America, CapWest Securities and their affiliates) of the May
2  27, 2009 Supplemental PPM.

3      54.    By virtue of the conduct alleged herein, Defendants Cullum & Burke,
4  Securities America, CapWest Securities and their affiliates violated Section 12(a)(2) of
5  the Securities Act and Plaintiffs and members of the Class have been damaged as a result.
6  Accordingly, Plaintiffs and other members of the Class have the right to rescind and
7  recover the consideration paid for the notes, together with interest thereon, and elect to
8  rescind and tender their securities to Defendants. Plaintiffs and the members of the Class
9  who have sold their notes for less than their stated principal value are entitled to damages.

10     55.    The Section 12(a)(2) claim is timely because Plaintiffs and Class members
11 purchased or otherwise acquired the MedCap Securities within the last three years, and
12 not more than one year has elapsed since Plaintiffs and Class members discovered or
13 reasonably could have discovered the untrue statements and omissions alleged herein.

## COUNT III

### Violations of Section 15 of the Securities Act Against Defendant Ameriprise

16     56.    Plaintiffs repeat and reallege each and every allegation above as if set forth
17 fully herein.

18     57.    This Count is brought pursuant to Section 15 of the Securities Act, 15
19 U.S.C. § 77o, against Defendant Ameriprise.

20     58.    Defendant Ameriprise was an owner and control person of its subsidiary
21 Defendant Securities America.

22     59.    Defendant Ameriprise was a culpable participant in the violations of Section
23 12 of the Securities Act as alleged above, based on its ownership of Securities America
24 and having otherwise participated in the process which allowed the offerings to be
25 successfully completed.

26     60.    The Section 15 claim is timely because Plaintiffs and Class members
27 purchased or otherwise acquired the MedCap Securities within the last three years and

28

CLASS ACTION COMPLAINT

1    not more than one year has elapsed since Plaintiffs and Class members discovered or
2    reasonably could have discovered the untrue statements and omissions alleged herein.

3                                    **PRAYER FOR RELIEF**

4         **WHEREFORE**, Plaintiffs, on their own behalf and on behalf of the Class, pray for
5    judgment as follows:

6         (a)    Declaring the action to be a class action pursuant to Rule 23(a) and (b)(3) of
7    the Federal Rules of Civil Procedure on behalf of the Class defined herein;

8         (b)    Awarding Plaintiffs and the other members of the Class damages in an
9    amount which may be proven at trial;

10        (c)    Awarding Plaintiffs and the members of the Class pre-judgment and post-
11   judgment interest, as well as their reasonable attorneys' and expert witness' fees and
12   other costs;

13        (d)    Allowing Plaintiffs and other members of the Class who still hold the notes
14   to tender their notes to Defendants Cullum & Burke, Securities America and/or CapWest
15   Securities;

16        (e)    Awarding Plaintiffs and the other members of the Class rescission and/or
17   rescissory damages; and

18        (f)    Such other relief as this Court deems appropriate.

19                                 **DEMAND FOR JURY TRIAL**

20        Plaintiffs demand a trial by jury.

22   DATED: September 18, 2009            Respectfully submitted,

24                                        **GIRARD GIBBS LLP**

26                                        By: _____
27                                             Jonathan K. Levine

28                                        Daniel C. Girard
                                          Amanda M. Steiner

                                          14
                                 CLASS ACTION COMPLAINT

Rebecca A. Netter
**GIRARD GIBBS LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Telephone:  (415) 981-4800
Facsimile:  (415) 981-4846

Attorneys for Individual and Representative
Plaintiffs Jana McCoy, Henry Mitchell and Jeff
Huber

CLASS ACTION COMPLAINT

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO THE FEDERAL SECURITIES LAWS

I, Jana McCoy, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.     I have reviewed the complaint against Cullum & Burks Securities and others prepared by Girard Gibbs LLP, whom I designate as my counsel in this action for all purposes.

2.     I did not acquire any Medical Provider Funding Corporation VI notes at the direction of Girard Gibbs LLP or in order to participate in any private action under the federal securities laws.

3.     I am willing to serve as a lead plaintiff either individually or as part of a group.  I understand that a lead plaintiff is a representative party who acts on behalf of other class members in directing the litigation, and whose duties may include testifying at deposition or trial.

4.     I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the Court pursuant to law.

5.     I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years.

6.     I understand that this is not a claim form, and that my ability to share in any recovery as a class member is not affected by my decision to serve as a representative party.

1

7.    My purchases and sales of and proceeds from the Medical Provider Funding Corporation VI notes during the class period are listed in **Attachment A** to this document.

8.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of September, 2009.

Jana McCoy
Jana McCoy

2

## ATTACHMENT A

## JANA MCCOY'S TRANSACTIONS IN
## MEDICAL PROVIDER FUNDING CORPORATION VI
## DURING THE CLASS PERIOD

| TRADE DATE | AMOUNT INVESTED | PRICE PER NOTE | NUMBER OF NOTES | PURCHASE OR SALE |
|---|---|---|---|---|
| 9/23/08 | $50,000.00 | $1,000.00 | 50 | PURCHASE |

## AMENDED CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO THE FEDERAL SECURITIES LAWS

I, Henry Mitchell, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.    I have reviewed the complaint against Securities America, Inc. and others prepared by Girard Gibbs LLP, whom I designate as my counsel in this action for all purposes.

2.    I did not acquire any Medical Provider Funding Corporation V notes at the direction of Girard Gibbs LLP or in order to participate in any private action under the federal securities laws.

3.    I am willing to serve as a lead plaintiff either individually or as part of a group. I understand that a lead plaintiff is a representative party who acts on behalf of other class members in directing the litigation, and whose duties may include testifying at deposition or trial.

4.    I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the Court pursuant to law.

5.    I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years.

6.    I understand that this is not a claim form, and that my ability to share in any recovery as a class member is not affected by my decision to serve as a representative party.

1

7.    My purchases and sales of and proceeds from the Medical Provider Funding Corporation V notes during the class period are listed in **Attachment A** to this document.

8.    I declare under penalty of perjury that the foregoing is true and correct.

Executed this *17th* day of *Sept*, 2009.

_Henry Mitchell_
Henry Mitchell

2

ATTACHMENT A

## HENRY MITCHELL'S TRANSACTIONS IN
## MEDICAL PROVIDER FUNDING CORPORATION V
## DURING THE CLASS PERIOD

| TRADE DATE | AMOUNT INVESTED | PRICE PER NOTE | NUMBER OF NOTES | PURCHASE OR SALE |
|---|---|---|---|---|
| 12/19/07 | $100,000.00 | $1,000.00 | 100 | PURCHASE |
| 12/20/07 | $100,000.00 | $1,000.00 | 100 | PURCHASE |
| 7/24/08 | $120,000.00 | $1,000.00 | 120 | PURCHASE |

## CERTIFICATION OF PROPOSED LEAD PLAINTIFF
## PURSUANT TO THE FEDERAL SECURITIES LAWS

I, Jeff Huber, declare the following as to the claims asserted, or to be asserted, under the federal securities laws:

1.      I have reviewed the complaint against CapWest Securities, Inc. and others prepared by Girard Gibbs LLP, whom I designate as my counsel in this action for all purposes.

2.      I did not acquire any Medical Provider Funding Corporation V notes at the direction of Girard Gibbs LLP or in order to participate in any private action under the federal securities laws.

3.      I am willing to serve as a lead plaintiff either individually or as part of a group. I understand that a lead plaintiff is a representative party who acts on behalf of other class members in directing the litigation, and whose duties may include testifying at deposition or trial.

4.      I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as lost wages and travel expenses, directly related to the class representation, as ordered or approved by the Court pursuant to law.

5.      I have not sought to serve or served as a representative party for a class in an action under the federal securities laws within the past three years.

6.      I understand that this is not a claim form, and that my ability to share in any recovery as a class member is not affected by my decision to serve as a representative party.

1

7.      My purchases and sales of and proceeds from the Medical Provider Funding Corporation V notes during the class period are listed in **Attachment A** to this document.

8.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this _18th_ day of September, 2009.

Jeff Huber

2

**ATTACHMENT A**

**JEFF HUBER'S TRANSACTIONS IN
MEDICAL PROVIDER FUNDING CORPORATION V
DURING THE CLASS PERIOD**

| TRADE DATE | AMOUNT INVESTED | PRICE PER NOTE | NUMBER OF NOTES | PURCHASE OR SALE |
|---|---|---|---|---|
| 12/24/07 | $100,000.00 | $1,000.00 | 100 | PURCHASE |
| 2/7/08 | $100,000.00 | $1,000.00 | 100 | PURCHASE |
| 2/29/08 | $200,000.00 | $1,000.00 | 200 | PURCHASE |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JANA MCCOY, HENRY MITCHELL, and JEFF HUBER, on behalf of themselves and all others similarly situated

**DEFENDANTS**
CULLUM & BURKS SECURITIES, INC., SECURITIES AMERICA, INC., AMERIPRISE FINANCIAL, INC., and CAPWEST SECURITIES, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jonathan K. Levine
GIRARD GIBBS LLP
601 California St., Suite 1400, San Francisco, CA    (415) 981-4800

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 290 All Other Real Property | | | ☐ 871 IRS-Third Party 26 USC 7609 |

## SACV09-1084

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): SACV09-818 (Doc)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
      ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
      ☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
      ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Jeff Huber - Los Angeles | Jana McCoy - Texas<br>Henry Mitchell - Colorado |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Each named defendant resides in Orange County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date   9-18-09

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

### SACV09- 1084 AG (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

Jonathan K. Levine (State Bar Number 220289)
Girard Gibbs LLP
601 California St., #1400, San Francisco, CA 94108
Phone: (415) 981-4800
Facsimile: (415) 981-4846

**FOR OFFICE USE ONLY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA MCCOY, HENRY MITCHELL, and JEFF HUBER, on behalf of themselves and all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br><br>CULLUM & BURKS SECURITIES, INC., SECURITIES AMERICA, INC., AMERIPRISE FINANCIAL, INC., CAPWEST SECURITIES, INC.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV09-1084  AG (RNBx)**<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>CULLUM & BURKS SECURITIES, INC., SECURITIES AMERICA, INC.,</u>
       <u>AMERIPRISE FINANCIAL, INC., and CAPWEST SECURITIES, INC.</u>

       A lawsuit has been filed against you.

       Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, <u>Jonathan K. Levine</u>, whose address is <u>601 Californai Street, Suite 1400, San Francisco, CA  94108</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

                                        Clerk, U.S. District Court

Dated:   **SEP 1 8 2009**

                        By:   **NATALIE LONGORIA**
                              Deputy

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

1198