1   JEFFER, MANGELS, BUTLER & MARMARO LLP
    JULIA J. RIDER (Bar No. 67277), jjr@jmbm.com
2   PAUL A. KROEGER (Bar No. 229074) pak@jmbm.com
    1900 Avenue of the Stars, Seventh Floor
3   Los Angeles, California  90067-4308
    Telephone:   (310) 203-8080
4   Facsimile:    (310) 203-0567

5   Attorneys for Defendant
    CULLUM & BURKS SECURITIES, INC.
6

7

8

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                      SOUTHERN DIVISION

| | |
|---|---|
| 12  JANA MCCOY, HENRY MITCHELL, JEFF HUBER, ALVIN SABROFF, JUNE SABROFF, JAMES MERRILL, CHERYL MERRILL, and DON RIBACCHI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CULLUM & BURKS SECURITIES, INC., CAPWEST SECURITIES, INC., SECURITIES AMERICA, INC., AMERIPRISE FINANCIAL, INC., SECURITIES AMERICA FINANCIAL CORP., NATIONAL SECURITIES CORP., NATIONAL HOLDINGS, CORP., CAPITAL FINANCIAL SERVICES, INC., and CAPITAL FINANCIAL HOLDINGS, INC.<br><br>Defendants. | CASE NO.   8:09-CV-01084-DOC-RNB<br><br>**CULLUM & BURKS SECURITIES, INC.'S ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF SECTIONS 12 AND 15 OF THE SECURITIES ACTS OF 1933**<br><br>**JURY TRIAL DEMANDED** |

This document relates to:

Case No. 8:09-CV-01084-DOC-RNB
Case No. 8:09-CV-01295-DOC-RNB
Case No. 8:09-CV-01340-DOC-MLG
Case No. 8:09-CV-08482-DOC-RNB

Comes now Defendant Cullum & Burks Securities, Inc. ("Cullum & Burks") and for an answer to the Consolidated Amended Class Action Complaint on file herein admits, denies and alleges as follows:

## I.   NATURE OF THE ACTION

1.   Answering paragraph 1, Cullum & Burks admits that plaintiffs purport to bring a consolidated securities class action under Sections 12(a) and 15 of the Securities Act of 1933, 15 U.S.C. § 77l(a) and 77o, on behalf of all persons or entities who purchased or otherwise acquired promissory notes issued by certain of MCHI's special purpose corporations – Medical Provider Financial Corporation III, Medical Provider Financial Corporation IV, Medical Provider Funding Corporation V, and/or Medical Provider Funding Corporation VI from defendants and any of their affiliates, but except for that admission Cullum & Burks denies each and every remaining allegation in paragraph 1.

2.   Answering paragraph 2,  Cullum & Burks admits that plaintiffs specifically disclaim any allegations of fraud in connection with their Securities Act claims.

3.   Answering paragraph 3, admits that MCHI purported to be in the business of financing healthcare providers by purchasing their accounts receivable and making secured loans to them.

4.   Answering paragraph 4, admits that beginning in 2003, MCHI made unregistered offerings of notes for the stated purpose of funding MCHI's medical provider financing corporation and that MCHI raised funds by selling notes issued by the SPCs which were created to hold receivables and related assets, but except for those admissions denies each and every allegation contained in paragraph 4.

5.   Answering paragraph 5, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5 and therefore denies each and every allegation contained therein.

6.      Answering paragraph 6, Cullum & Burks admits that the notes were offered and sold pursuant to private placement memoranda ("PPMs") to accredited investors through broker-dealers that included Cullum & Burks and allege that the notes were offered and sold pursuant to a Regulation D exemption, but except for those admissions and allegations denies each and every allegation contained in paragraph 6.

7.      Answering paragraph 7, Cullum & Burks admits that the Offerings occurred without the filing of any registration statement and no registration statement pertaining to the Offerings was otherwise in effect, and allege that no registration statement was required because the Offerings were exempt from registration by Regulation D.

8.      Answering paragraph 8, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies each and every allegation contained therein.

9.      Answering paragraph 9, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies each and every allegation contained therein.

10.     Answering paragraph 10, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies each and every allegation contained therein.

11.     Answering paragraph 11, Cullum & Burks admits that plaintiffs and the class purport to bring this action (1) pursuant to § 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1) against the Broker Defendants for the offer and sale of unregistered securities; (2) pursuant to § 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2) against the Broker Defendants with respect to the offer and sale of the Notes; and (3) under § 15 of the Securities Act, 15 U.S.C. § 77o against Defendants Ameriprise Financial, Inc. ("Ameriprise"), Securities America Financial Corporation ("Securities America Financial"), National Holdings Corporation ("National

Holdings") and Capital Financial Holdings, Inc. ("Capital Financial Holdings") (collectively, the "Control Person Defendants") in their capacity as control persons of the Broker Defendants, but except for that admission denies each and every allegation contained therein.

## II.    JURISDICTION AND VENUE

12.    Answering paragraph 12, Cullum & Burks admits that plaintiffs purport to bring claims pursuant to §§ 12(a)(1), 12(a)(2) and 15 of the Securities Act, but except for that admission denies each and every allegation contained therein.

13.    Answering paragraph 13, Cullum & Burks admits the allegations contained therein.

14.    Answering paragraph 14, Cullum & Burks admits the allegations contained therein.

## III.    PARTIES AND RELEVANT ENTITIES

### A.    PLAINTIFFS

15.    Answering paragraph 15, Cullum & Burks admits that Jana McCoy purchased MP VI Notes offered and sold to her by Cullum & Burks in September 2008, but except for that admission denies each and every allegation contained therein.

16.    Answering paragraph 16, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies each and every allegation contained therein.

17.    Answering paragraph 17, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies each and every allegation contained therein.

18.    Answering paragraph 18, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies each and every allegation contained therein.

19.     Answering paragraph 19, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies each and every allegation contained therein.

20.     Answering paragraph 20, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 and therefore denies each and every allegation contained therein.

### B.     **DEFENDANTS**

21.     Answering paragraph 16, Cullum & Burks admits the allegations contained therein.

22.     Answering paragraph 22, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 and therefore denies each and every allegation contained therein.

23.     Answering paragraph 23, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 and therefore denies each and every allegation contained therein.

24.     Answering paragraph 24, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies each and every allegation contained therein.

25.     Answering paragraph 25, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies each and every allegation contained therein.

26.     Answering paragraph 26, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies each and every allegation contained therein.

27.     Answering paragraph 27, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies each and every allegation contained therein.

Jeffer Mangels
Butler & Marmaro LLP

JMBM

PRINTED ON
RECYCLED PAPER

6811482v1

28.     Answering paragraph 28, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies each and every allegation contained therein.

29.     Answering paragraph 29, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies each and every allegation contained therein.

### C.     RELEVANT NON-PARTIES

30.     Answering paragraph 30, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies each and every allegation contained therein.

31.     Answering paragraph 31, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies each and every allegation contained therein.

32.     Answering paragraph 32, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies each and every allegation contained therein.

33.     Answering paragraph 33, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies each and every allegation contained therein.

34.     Answering paragraph 34, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies each and every allegation contained therein.

35.     Answering paragraph 35, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 and therefore denies each and every allegation contained therein.

36.     Answering paragraph 36, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies each and every allegation contained therein.

PRINTED ON RECYCLED PAPER

6811482v1

JMBM

Jeffer Mangels
Butler & Marmaro LLP

37.     Answering paragraph 37, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies each and every allegation contained therein.

38.     Answering paragraph 38, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38 and therefore denies each and every allegation contained therein.

39.     Answering paragraph 39, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39 and therefore denies each and every allegation contained therein.

40.     Answering paragraph 40, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40 and therefore denies each and every allegation contained therein.

41.     Answering paragraph 41, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 41 and therefore denies each and every allegation contained therein.

42.     Answering paragraph 42, Cullum & Burks admits the allegations therein to the extent they accurately reflect the court's August 3, 2009 order in the SEC Enforcement action and further admits that the complaint does not assert claims against the entities identified in paragraphs 30 through 41.

**FACTUAL ALLEGATIONS**

43.     Answering paragraph 43, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 43 and therefore denies each and every allegation contained therein.

44.     Answering paragraph 44, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 44 and therefore denies each and every allegation contained therein.

Jeffer Mangels
Butler & Marmaro LLP

JMBM

PRINTED ON
RECYCLED PAPER

6811482v1

- 7 -

45.     Answering paragraph 45, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 45 and therefore denies each and every allegation contained therein.

46.     Answering paragraph 46, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 46 and therefore denies each and every allegation contained therein.

47.     Answering paragraph 47, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 47 and therefore denies each and every allegation contained therein.

48.     Answering paragraph 48, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 48 and therefore denies each and every allegation contained therein.

49.     Answering paragraph 49, Cullum & Burks admits that in September 2003, MCHI began conducting the first offering of notes through MP I but except for that admission denies each and every allegation contained therein.

50.     Answering paragraph 50, Cullum & Burks admits the allegations contained therein.

51.     Answering paragraph 51,  Cullum & Burks admits that the Offerings were exempt from registration under the Securities Act pursuant to Rule 506 of Regulation D but except for that admission lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 51 and therefore denies each and every allegation contained therein.

52.     Answering paragraph 52,  Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 52 and therefore denies each and every allegation contained therein.

53.     Answering paragraph 53,  Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53 and therefore denies each and every allegation contained therein.

54.     Answering paragraph 54, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 54 and therefore denies each and every allegation contained therein.

55.     Answering paragraph 55, Cullum & Burks cannot admit or deny the allegations that the Broker Defendants continued to offer and sell notes and represent that Medical Capital had never defaulted on any of the Notes because no time frame is alleged during which such actions allegedly took place.  Cullum & Burks therefore denies each and every allegation contained therein.

56.     Answering paragraph 56,  Cullum & Burks admits the allegations contained therein to the extent they accurately reflect the documents on file with the court but except for that admission deny each and every allegation contained therein.

57.     Answering paragraph 57,  Cullum & Burks admits the allegations contained therein to the extent they accurately reflect the documents on file with the court but except for that admission deny each and every allegation contained therein.

58.     Answering paragraph 58,  Cullum & Burks admits the allegations contained therein to the extent they accurately reflect the documents on file with the court but except for that admission deny each and every allegation contained therein.

59.     Answering paragraph 59, Cullum & Burks admits the allegations contained therein to the extent they accurately reflect the documents on file with the court but except for that admission deny each and every allegation contained therein.

60.     Answering paragraph 60, Cullum & Burks admits the allegations contained therein to the extent they accurately reflect the documents on file with the court but except for that admission deny each and every allegation contained therein.

61.     Answering paragraph 61, Cullum & Burks admits the allegations contained therein to the extent they accurately reflect the documents on file with the court but except for that admission deny each and every allegation contained therein.

PRINTED ON
RECYCLED PAPER

6811482v1

62.     Answering paragraph 62, Cullum & Burks admits the allegations contained therein to the extent they accurately reflect the documents on file with the court but except for that admission deny each and every allegation contained therein.

63.     Answering paragraph 63, Cullum & Burks admits that the Receiver's Report says what it says but except for that admission, denies each and every allegation contained therein.

64.     Answering paragraph 64, Cullum & Burks admits that the Receiver's Reports say what they say but except for that admission, denies each and every allegation contained therein.

65.     Answering paragraph 65, Cullum & Burks admits that the Receiver's Reports and the SEC Complaint say what they say but except for that admission, denies each and every allegations contained therein.

66.     Answering paragraph 66, Cullum & Burks admit that it sold notes to the public pursuant to private placement memoranda in a series of offerings as unregistered private placements exempt from the registration requirements of the Securities Act under Rule 506 of Regulation D, but except for that admission lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 66 and therefore denies each and every remaining allegation.

67.     Answering paragraph 67, Cullum & Burks denies each and every allegation contained therein.

68.     Answering paragraph 68, Cullum & Burks denies each and every allegation contained therein.

69.     Answering paragraph 69, Cullum & Burks denies each and every allegation contained therein and specifically denies that Cullum & Burks engaged in general solicitation of investors through, among other things, advertisements in newspapers, mailings of postcards that solicited potential investors to attend meetings and sales pitches delivered at seminars, meetings and dinners to which attendees were

PRINTED ON
RECYCLED PAPER
6811482v1

invited without regard or inquiry as to the investors' sophistication or knowledge as investors or as to whether they were accredited investors.

70.   Answering paragraph 70, Cullum & Burks is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 70 and therefore denies each and every allegation contained therein.

71.   Answering paragraph 71, Cullum & Burks is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 71 and therefore denies each and every allegation contained therein.

72.   Answering paragraph 72, Cullum & Burks is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 72 and therefore denies each and every allegation contained therein.

73.   Answering paragraph 73, Cullum & Burks is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 73 and therefore denies each and every allegation contained therein.

74.   Answering paragraph 74, Cullum & Burks is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 74 and therefore denies each and every allegation contained therein.

75.   Answering paragraph 75, Cullum & Burks is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 75 and therefore denies each and every allegation contained therein.

76.   Answering paragraph 76, Cullum & Burks is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 76 and therefore deny each and every allegation contained therein. Cullum & Burks alleges that it did not sell any notes to investors who were not accredited investors.

77.   Answering paragraph 77,  Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 and therefore denies each and every allegation contained therein.

6811482v1

PRINTED ON

RECYCLED PAPER

1    Cullum & Burks alleges that it had prior relationships with the investors who

2    invested in the notes through Cullum & Burks.

3            78.    Answering paragraph 78, Cullum & Burks lacks sufficient

4    knowledge or information to form a belief as to the truth of the allegations contained

5    therein and therefore denies each and every allegation contained therein. Cullum &

6    Burks alleges that it did not sell any notes to unaccredited investors.

7            79.    Answering paragraph 79, Cullum & Burks lacks sufficient

8    knowledge or information to form a belief as to the truth of the allegations contained

9    in paragraph 79 and therefore denies each and every allegation contained therein.

10           80.    Answering paragraph 80, Cullum & Burks lacks sufficient

11   knowledge or information to form a belief as to the truth of the allegations contained

12   in paragraph 80 and therefore denies each and every allegation contained therein.

13           81.    Answering paragraph 81, Cullum & Burks denies each and every

14   allegation contained therein.

15           82.    Answering paragraph 82, Cullum & Burks admits that it sold

16   notes to plaintiffs Jana McCoy and to other investors but except for those admissions

17   denies each and every allegation contained therein.

18           83.    Answering paragraph 83, Cullum & Burks admits that the PPMs

19   for the Offerings were provided by Medical Capital for the Broker Defendants to

20   provide to potential investors but except for that admission denies each and every

21   allegation contained therein.

22           84.    Answering paragraph 84, Cullum & Burks admits the allegations

23   contained in paragraph 84 to the extent they accurately reflect the contents of the

24   PPMs but except for that admission denies each and every allegation contained

25   therein.

26           85.    Answering paragraph 85 Cullum & Burks admits the allegations

27   contained in paragraph 85 to the extent they accurately reflect the contents of the

28

JMBM  Jeffer Mangels
      Butler & Marmaro LLP

PPMs but except for that admission denies each and every allegation contained therein.

86.     Answering paragraph 86,  Cullum & Burks admits the allegations contained in paragraph 86 to the extent they accurately reflect the contents of the PPMs but except for that admission denies each and every allegation contained therein.

87.     Answering paragraph 87,  Cullum & Burks admits the allegations contained in paragraph 87 to the extent they accurately reflect the contents of the PPMs but except for that admission denies each and every allegation contained therein.

88.     Answering paragraph 88,  Cullum & Burks admit the allegations contained in paragraph 88 to the extent they accurately reflect the contents of the PPMs but except for that admission denies each and every allegation contained therein.

89.     Answering paragraph 89, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 89 and therefore denies each and every allegation contained therein.

90.     Answering paragraph 90, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 90 and therefore denies each and every allegation contained therein.

91.     Answering paragraph 91, Cullum & Burks admits that the SEC Complaint and the Receiver's Reports say what they say but except for that admission lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 91 and therefore denies each and every remaining allegation contained therein.

92.     Answering paragraph 92,  Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 92 and therefore denies each and every allegation contained therein.

PRINTED ON
RECYCLED PAPER

6811482v1

- 13 -

93.     Answering paragraph 93, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 93 and therefore denies each and every allegation contained therein.

94.     Answering paragraph 94, Cullum & Burks admits that the Receiver's Reports say what they say, but except for that admission lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 94 and therefore denies each and every remaining allegation therein.

95.     Answering paragraph 95,  Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 95 and therefore denies each and every allegation contained therein.

96.     Answering paragraph 96,  Cullum & Burks admits that the Receiver's Reports say what they say, but except for that admission, lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 96 and therefore denies each and every remaining allegation therein.

97.     Answering paragraph 97, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 97 and therefore denies each and every allegation contained therein.

98.     Answering paragraph 98,  Cullum & Burks admits that the Receiver's Reports says what they say but except for that admission, lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 98 and therefore denies each and every remaining allegation therein.

99.     Answering paragraph 99, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 99 and therefore denies each and every allegation contained therein.

100.    Answering paragraph 100,  Cullum & Burks admits that the Receiver's Reports say what they say, but except for that admission, lacks sufficient

PRINTED ON
RECYCLED PAPER

6811482v1

knowledge or information to form a belief as to the truth of the allegations contained in paragraph 100 and therefore denies each and every remaining allegation therein.

101. Answering paragraph 101, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 101 and therefore denies each and every allegation contained therein.

102. Answering paragraph 102, Cullum & Burks admits that the Receivers' Reports say what they say, but except for that admission, lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 102 and therefore denies each and every remaining allegation therein.

103. Answering paragraph 103, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 103 and therefore denies each and every allegation contained therein.

104. Answering paragraph 104, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 104 and therefore denies each and every allegation contained therein.

105. Answering paragraph 105, Cullum & Burks admits that the SEC Complaint and the  Receiver's Reports say what they say, but except for that admission, lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 105 and therefore denies each and every remaining allegation contained therein.

106. Answering paragraph 106, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 106 and therefore denies each and every allegation contained therein.

107. Answering paragraph 107,  Cullum & Burks admits that the SEC Complaint and the Receiver's Reports say what they say, but except for that admission lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 107 and therefore denies each and every remaining allegation therein.

PRINTED ON
RECYCLED PAPER

6811482v1

108.   Answering paragraph 108,  Cullum & Burks admits that the SEC Complaint says what it says, but except for that admission, lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 108 and therefore denies each and every remaining allegation therein.

109.   Answering paragraph 109. Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 109 and therefore denies each and every allegation contained therein.

110.   Answering paragraph 110, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 110 and therefore denies each and every allegation contained therein.

111.   Answering paragraph 111, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 111 and therefore denies each and every allegation contained therein.

112.   Answering paragraph 112, Cullum & Burks admits that the SEC Complaint and the Receiver's Reports say what they say, but except for that admission lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 112 and therefore denies each and every remaining allegation therein.

113.   Answering paragraph 113, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 113 and therefore deny each and every allegation contained therein.

114.   Answering paragraph 114, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 114 and therefore deny each and every allegation contained therein.

115.   Answering paragraph 115, Cullum & Burks admits that the Receiver's Reports say what they say, but except for that admission, lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained

6811482v1

PRINTED ON
RECYCLED PAPER

JMBM

Jeffer Mangels
Butler & Marmaro LLP

in paragraph 114 and therefore deny each and every remaining allegation contained therein.

116.   Answering paragraph 116, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 116 and therefore denies each and every allegation contained therein.

117.   Answering paragraph 117, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 117 and therefore denies each and every allegation contained therein.

118.   Answering paragraph 118, Cullum & Burks admits that the SEC Complaint says what it says but except for that admission lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 118 and therefore denies each and every remaining allegation contained therein.

119.   Answering paragraph 119, Cullum & Burks admits that the Receiver's Reports say what they say but except for that admission lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 119 and therefore denies each and every allegation contained therein. therein.

120.   Answering paragraph 120, Cullum & Burks admits that the MP VI PPM says what it says but except for that admission denies each and every allegation contained therein.

121.   Answering paragraph 121, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 121 and therefore denies each and every allegation contained therein.

122.   Answering paragraph 122, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 122 and therefore denies each and every allegation contained therein.

PRINTED ON
RECYCLED PAPER

6811482v1

## IV.   CLASS ACTION ALLEGATIONS

123.   Answering paragraph 123, Cullum & Burks admits that plaintiffs purport to bring this action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all persons and entities who purchased or otherwise acquired Medical Capital Notes issued by MP III, MP IV, MP V and/or MP VI offered and sold to them by any of the Broker Defendants, or their affiliates, and were allegedly damaged and that excluded from the Class are Defendants and the Relevant Non-Parties identified above, their officers and/or directors, any person, firm trust corporation, officer, director or other individual or entity in which any Defendant or Relevant Non-Party has a controlling interest or which is related to or affiliated with any of the Defendants or Relevant Non-Parties, and the legal representatives, agents, affiliates, heir, successor-in-interest or assigns of any such excluded party.

124.   Answering paragraph 124, Cullum & Burks denies each and every allegation contained therein.

125.   Answering paragraph 125, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 125 and therefore denies each and every allegation contained therein.

126.   Answering paragraph 126, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 126 and therefore denies each and every allegation contained therein.

127.   Answering paragraph 127, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 127 and therefore denies each and every allegation contained therein.

128.   Answering paragraph 128, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 128 and therefore denies each and every allegation contained therein.

6811482v1

PRINTED ON
RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Marmaro LLP

129.   Answering paragraph 129, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 129 and therefore denies each and every allegation contained therein.

130.   Answering paragraph 130 and subparagraphs (a) through (g) thereof Cullum & Burks denies each and every allegation contained therein.

## COUNT I

### Violations of Section 12(a)(1) of the Securities Act Against The Broker Defendants

131.   Answering paragraph 131, Cullum & Burks repeats and incorporate by reference as though set forth in full its admissions and denials to paragraphs 1 through 8, 10 through 62, 66 through 88, and 123 through 130.

132.   Answering paragraph 132, Cullum & Burks admits that plaintiffs purport to bring this cause of action for violation of § 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1) on behalf of themselves and the Class and against the Broker Defendants.

133.   Answering paragraph 133, Cullum & Burks admits that plaintiffs purport to assert their claim on behalf of Plaintiffs and Class members who purchased or otherwise acquired the notes of MP III, MP IV, MP V and/or MP VI from any of the Broker Defendants or their affiliates.

134.   Answering paragraph 134, Cullum & Burks admits that Cullum & Burks was a seller, offeror and/or solicitor of sales of the Notes issued in conjunction with the Offerings as those terms are defined in the Securities Act.

135.   Answering paragraph 135, Cullum & Burks admits the allegations contained therein as to itself only.

136.   Answering paragraph 136, Cullum & Burks denies each and every allegation contained there in and further alleges that the Offerings were exempt from registration by Rule 506 of Regulation D.

137.   Answering paragraph 137, Cullum & Burks denies each and every allegation contained therein.

138.   Answering paragraph 138, Cullum & Burks denies each and every allegation contained therein.

139.   Answering paragraph 139, Cullum & Burks denies each and every allegation contained therein.

## COUNT II

**Violations of Section 12(a)(2) of the Securities Act Against the Broker Defendants**

140.   Answering paragraph 140, Cullum & Burks repeats and incorporates by reference as though set forth in full its admissions and denials to paragraphs 1 through 139.

141.   Answering paragraph 141, Cullum & Burks admits that Plaintiffs purport to bring this cause of action for a violation of § 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2) on behalf of themselves and the Class against the Broker Defendants.

142.   Answering paragraph 142, Cullum & Burks admits that Plaintiffs purport to assert their claim on behalf of Plaintiffs and Class members who purchased or otherwise acquired the Notes of MP III, MP IV, MP V and/or MP VI from any of the Broker Defendants or their affiliates on or after September 18, 2006.

143.   Answering paragraph 143, Cullum & Burks denies each and every allegation contained therein.

144.   Answering paragraph 144, Cullum & Burks admits that Cullum & Burks was a seller, offeror and/or solicitor of the Notes issued in connection with the Offerings as those terms are defined in the Securities Act.

145.   Answering paragraph 145, Cullum & Burks admits the allegations contained therein as to itself only.

146.   Answering paragraph 146, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 146 and therefore denies each and every allegation contained therein.

147.   Answering paragraph 147, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 147 and therefore denies each and every allegation contained therein.

148.   Answering paragraph 148, Cullum & Burks lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 148 and therefore denies each and every allegation contained therein.

149.   Answering paragraph 149, Cullum & Burks denies each and every allegation contained therein.

150.   Answering paragraph 150, Cullum & Burks denies each and every allegation contained therein.

151.   Answering paragraph 151, Cullum & Burks denies each and every allegation contained therein.

## COUNT III

### Violations of Section 15 of the Securities Act Against the Control Person Defendants

152.   The allegations in Count III set forth in this paragraph are not alleged against Cullum & Burks and therefore Cullum & Burks will make no response thereto.

153.   The allegations in Count III set forth in this paragraph are not alleged against Cullum & Burks and therefore Cullum & Burks will make no response thereto.

154.   The allegations in Count III set forth in this paragraph are not alleged against Cullum & Burks and therefore Cullum & Burks will make no response thereto.

155.   The allegations in Count III set forth in this paragraph are not alleged against Cullum & Burks and therefore Cullum & Burks will make no response thereto.

## AFFIRMATIVE DEFENSES

Further answering the complaint, Cullum & Burks pleads the following Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

156.   Plaintiffs' Complaint and each Count therein fails to state claims for relief against Cullum & Burks.

## SECOND AFFIRMATIVE DEFENSE

157.   Cullum & Burks did not know and could not in the exercise of reasonable care have known of the untruths or omissions alleged by Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

158.   Each of Plaintiffs' claims is barred by the applicable statutes of limitations, including but not limited to Section 13, Securities Act of 1933, 15 U.S.C.A. § 77(m).

## FOURTH AFFIRMATIVE DEFENSE

159.   Each of the alleged Offerings was exempt from registration under the Securities Act pursuant to Rule 506 of Regulation D, 17 CFR § 230.506.

## FIFTH AFFIRMATIVE DEFENSE

160.   Plaintiffs' claims for relief pursuant to Section 12(a)(2) of the Securities Act of 1933, 15 U.S.C.A. § 77l(a)(2) fail because Section 12(a)(2) does not apply to private offerings.

## SIXTH AFFIRMATIVE DEFENSE

161.   Plaintiffs cannot recover their losses, if any, to the extent said losses were caused by factors other than false and misleading statements with respect to the Note offerings.

1    WHEREFORE Defendant Cullum & Burks prays for judgment as

2    follows:

3          1.    That Plaintiffs take nothing by way of their complaint;

4          2.    That the Court enter judgment for Defendant Cullum & Burks;

5          3.    For costs incurred in defense of this action.

6          4.    For such other and further relief as the Court may deem proper.

7

8    DATED:  March 1, 2010              JEFFER, MANGELS, BUTLER &
                                        MARMARO LLP
9                                       JULIA J. RIDER
                                        PAUL A. KROEGER
10

11

12                                      By: /s/ Julia J. Rider
                                             JULIA J. RIDER
13                                      Attorneys for Defendant CULLUM & BURKS
                                        SECURITIES, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JMBM | Jeffer Mangels Butler & Marmaro LLP

PRINTED ON
RECYCLED PAPER

6811482v1

<u>JURY TRIAL DEMANDED</u>

Defendant Cullum & Burks Securities, Inc. hereby demands a trial by jury.

DATED:  March 1, 2010   JEFFER, MANGELS, BUTLER &
             MARMARO LLP
             JULIA J. RIDER
             PAUL A. KROEGER


By: <u>/s/ *Julia J. Rider*</u>
   JULIA J. RIDER
Attorneys for Defendant CULLUM & BURKS
SECURITIES, INC.

PRINTED ON
RECYCLED PAPER

6811482v1

- 24 -

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

   I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  1900 Avenue of the Stars, 7th Floor, Los Angeles, California 90067.

   On March 1, 2010 I served the document(s) described as  **CULLUM & BURKS SECURITIES, INC.'S ANSWER TO CONSOLIDATED AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF SECTIONS 12 AND 15 OF THE SECURITIES ACT OF 1933; JURY TRIAL DEMANDED**  in this action addressed as follows:

**SEE ATTACHED LIST**

☐ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at Los Angeles, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).  On March 1, 2010, I checked the appropriate CM/ECF docket for this case or proceeding and determined that the aforementioned person(s) has/have consented to receive NEF transmission at the aforementioned electronic addresses.

☐ (BY FAX) The parties have consented in writing to receive service by facsimile transmission.  On   , I transmitted the above-described document(s) by facsimile machine to the above-listed fax number(s).  The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error.  The facsimile machine properly issued a transmission report, a copy of which is attached.

☒ (BY ELECTRONIC SERVICE) On **March 1, 2010**, I transmitted the aforementioned document(s) as PDF attachments to the aforementioned electronic notification address(es).  The transmission originated from my electronic notification address, which is **cw@jmbm.com**, and was reported as complete and without error.

☐ (BY PERSONAL SERVICE) I placed the aforementioned document(s) in a sealed envelope and I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I placed the aforementioned document(s) in a sealed envelope with postage thereon fully prepaid and I caused said envelope to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

   Executed on March 1, 2010 at Los Angeles, California.

   I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*Carol Walker*

_____
CAROL WALKER

6814811v1

SERVICE LIST

Daniel C. Girard
dcg@girardgibbs.com – (via NEF)
Jonathan K. Levine
jkl@girardgibbs.com – (via NEF)
Todd I. Espinoza
tie@girardgibbs.com – (via email)
Girard Gibbs LLP
601 California St., 14th Floor
San Francisco, CA  94108
415-981-4800 tel
415-981-4846 fax

*Attorneys for Plaintiffs*

Robin F. Zwerling
rzwerling@zsz.com – (via NEF)
Stephen L. Brodsky
sbrodsky@zsz.com – (via NEF)
Zwerling Schachter & Zwerling
767 3rd Ave.
New York, NY  10017-2023
212-223-3900 tel

*Attorneys for Plaintiffs*

Dan Drachler
ddrachler@zsz.com – (via NEF)
Zwerling Schachter & Zwerling
190 Third Ave., Suite 1030
Seattle, WA  98101
206-223-2053 tel
206-343-9636 fax

*Attorneys for Plaintiffs*

Ari H. Jaffe
ahj@kjk.com – (via email)
Kohrman Jackson & Krantz, PLL
One Cleveland Center, 20th Floor
1375 E. Ninth St.
Cleveland, OH  44114
216-696-8700 tel
216-621-6536 fax

*Attorneys for Plaintiffs*

Mike Margolis
Margolis@winlaw.com (via email)
Timothy J. Martin
tmartin@winlaw.com – (via NEF)
Margolis & Tisman LLP
444 S. Flower St., Suite 2300
Los Angeles, CA  90071
213-683-0300 tel
213-683-0303 fax

*Attorneys for Defendants Securities
America, Inc., Securities America Financial
Corp. and Ameriprise Financial, Inc.*

Bruce Bettigole
bruce.bettigole@sutherland.com – (via NEF)
Deborah G. Heilizer
deb.heilizer@sutherland.com – (via NEF)
Peter Ligh
peter.ligh@sutherland.com – (via NEF)
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave. NW
Washington, DC  20004-2415
202-383-0165 tel
202-637-3593 fax

*Attorneys for Defendants Securities America,
Inc., and Ameriprise Financial, Inc.*

Gregory J. Sherwin
gregsherwin@ffandslaw.com (via email)
Fields Fehn & Sherwin
11755 Wilshire Blvd., 15th Floor
Los Angeles, CA 90025
(310) 473-6338 tel

*Attorneys for Defendant Capwest Securities,
Inc.*

Jeffrey K. Riffer
jriffer@elkinskalt.com – (via NEF)
Elkins Kalt Weintraub Reuben Gartside LLP
1800 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
310-746-4400 tel
310-746-4499 fax

*Attorneys for Defendants National Securities
Corp. and National Holdings Corp.*

Christine Dusbabek
cdusbabek@corporatelegal.us – (via email)
Corporate Legal, LLC
6041 S. Syracuse Way, Suite 305
Greenwood Village, CO 80111
303-874-3185 tel
303-397-1967 fax

*Attorneys for Defendants Capital Financial
Services, Inc. and Capital Financial
Holdings, Inc.*

**VIA NEF**
Bruce Bettigole –        bruce.bettigole@sutherland.com
Stephen L. Brodsky – sbrodsky@zsz.com
Dan Drachler –           ddrachler@zsz.com
Daniel C. Girard –       dcg@girardgibbs.com
Deborah G. Heilizer – deb.heilizer@sutherland.com
Jonathan K. Levine – jkl@girardgibbs.com
Peter Ligh –             peter.ligh@sutherland.com
Timothy J. Martin –    tmartin@winlaw.com
Rebecca A Netter –     ran@girardgibbs.com
Jeffrey K. Riffer –      jriffer@elkinskalt.com
Amanda M. Steiner – as@girardgibbs.com
Robin F. Zwerling –    rzwerling@zsz.com