JEFFREY K. RIFFER (State Bar No. 87016)
jriffer@elkinskalt.com
SUSAN C. V. JONES (State Bar No. 149446)
sjones@elkinskalt.com
ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
1800 Century Park East, 7th Floor
Los Angeles, California  90067
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Defendants NATIONAL SECURITIES CORP. and NATIONAL HOLDINGS CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANA MCCOY, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CULLUM & BURKS SECURITIES, INC., et al.,<br><br>Defendants. | CASE No. SACV 09-1084 DOC(RNBx)<br><br>DEFENDANT NATIONAL SECURITIES CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT |
| This document relates to:<br>No. 09-SACV-1084 DOC (RNBx)<br>No. 09-SACV-1295 DOC (RNBx)<br>No. 09-SACV-1340 DOC (MLG)<br>No. 09-SACV-8482 DOC (RNBx) | Date:     May 24, 2010<br>Time:    8:30 a.m.<br>Place:    Ctrm 9D |

Defendant National Securities Corp. ("National Securities") respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Consolidated Amended Class Action Complaint (the "Complaint").

///

3770v1

**I.    PREFATORY STATEMENT**

In their Complaint, Plaintiffs have named as defendants a number of broker-dealers, including National Securities, who can have no liability to them based upon the facts alleged as a matter of law.  The Complaint alleges an elaborate fraudulent scheme supposedly developed and carried out by several entities, defined as the "Medical Capital" entities, who are not defendants here.  [Complaint ¶ 5.]  Indeed, these entities are now protected from suit by a court-ordered stay of litigation.  [Complaint ¶ 42.]  In light of this stay, Plaintiffs apparently are casting further afield for potential defendants, and accordingly have named a number of registered broker-dealers, identified as the "Broker Defendants" and including National Securities.  [Complaint ¶ 1.]  Supposedly, each of the Broker Defendants sold allegedly fraudulent promissory notes issued by Medical Capital to one or more of the Plaintiffs.  [Complaint ¶¶ 15-20.]

The Complaint alleges two causes of action against the so-called Broker Defendants:  violation of Section 12(a)(1) of the Securities Act of 1933 (the "Act") and violation of Section 12(a)(2) of the Act.  What the Complaint does not allege is any facts to implicate National Securities, or any other the other Broker Defendants, in such violations.  Plaintiffs' Complaint describes an elaborate scheme to market worthless promissory notes, but notably fails to allege specific facts to involve the Broker Defendants in engineering or executing that scheme.  Basically, the Broker Defendants are an afterthought.

Plaintiffs' claims against National Securities, and all five of the Broker Defendants, are legally insupportable for a number of independent reasons.

<u>First</u>, Plaintiffs' conclusory allegations fail to meet the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 9(b) and the cases interpreting those rules.

<u>Second</u>, as explained fully in the concurrently filed Motion to Dismiss of co-Broker Defendant Securities America, Inc. ("Securities America"), the Complaint

1  fails to state a claim against the Broker Defendants under Section 12(a)(1) of the
2  Act.  The claim is time-barred and improperly alleged.
3      <u>Third</u>, the Complaint also fails to state a claim against National Securities, or
4  any Broker Defendant, under Section 12(a)(2) of the Act.  This claim is based upon
5  an allegation that amounts to fraud, and as such Plaintiffs must plead both the fraud
6  itself and National Securities' role in it with particularity.  These requirements are
7  set forth in detail in Securities America's moving papers.  The Complaint contains
8  no such particular fraud allegations against National Securities or any of the
9  individual Broker Defendants.  In addition, the Complaint fails to allege that any
10 purported misstatements or omissions by any Broker Defendant were false or
11 misleading at the time they were made.
12     Notably, the allegations against all five so-called Broker Defendants,
13 including National Securities, are substantially identical.  Plaintiffs make no effort
14 to distinguish between the parties, or to allege facts peculiar to any party.
15     For this reason, and in order to conserve the Court's resources, National
16 Securities brings this Motion independently but incorporates by reference the brief
17 of co-Broker Defendant Securities America.  The legal reasoning, authorities and
18 arguments set forth by Securities America are equally applicable to National
19 Securities, since the allegations against the parties are substantially the same.
20     For the reasons set forth herein, and in the papers of Securities America, the
21 Court should dismiss the Complaint against National Securities under Federal Rule
22 of Civil Procedure 12(b)(6), since the Complaint fails to state a claim upon which
23 relief can be granted.
24
25 **II.**    **<u>FACTS PERTAINING TO NATIONAL SECURITIES</u>**
26     The "facts" alleged in the Complaint relating specifically to National
27 Securities are sparse, to say the least.  They are also almost entirely conclusory.
28 ///

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
1800 Century Park East, 7th Floor
Los Angeles, California 90067
Telephone: 310.746.4400 • Facsimile: 310.746.4499

• Plaintiffs designate National Securities as a "Broker Defendant" because one or more of the Plaintiffs allegedly "purchased or otherwise acquired" the supposedly worthless Medical Capital promissory notes from National Securities or the other designated Broker Defendants. [Complaint ¶ 11.]

• The only Plaintiffs who allegedly purchased the promissory notes from National Securities are James Merrill and Cheryl Merrill, who supposed acquired the notes in "February, March and September 2008." [Complaint ¶ 19.]

• The Complaint alleges that National Securities "is one of the nation's largest independent broker-dealer [*sic*], registered both with the SEC and FINRA," and that it is a "wholly-owned and controlled subsidiary of Defendant National Holdings." [Complaint ¶ 26.]

• Plaintiffs contend that National Securities, and the three other Broker Defendants, all "offered and/or sold Notes to unaccredited investors." [Complaint ¶ 79.]

These are the **only** factual allegations in the entire Complaint specifically directed at National Securities, and they are inadequate to state a claim.

## III. THE COMPLAINT OFFERS NO LEGAL BASIS FOR A CLAIM AGAINST NATIONAL SECURITIES

As set forth in detail in the Memorandum of Points and Authorities of Securities America, the Complaint fails to state a claim against any of the Broker Defendants, including National Securities, for three independent reasons.

First, the conclusory allegations set forth above are inadequate. Federal Rule of Civil Procedure 8(a)(b)(2) requires that the Complaint set forth a "short and plain statement of the claim **showing** that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Moreover, Federal Rule of Civil Procedure 9(b) requires that, to pursue a claim based upon allegations that amount to a claim of fraud or mistake, "a party must state with particularity the circumstances constituting fraud

or mistake." Fed. R. Civ. P. 9(b).  The Complaint fails to meet either of these legal standards.  *See* Memorandum of Points and Authorities of American Securities, incorporated herein by this reference.

Second, the Complaint fails to state a claim under Section 12(a)(1) of the Act.  15 U.S.C. § 77l(a)(1).  Plaintiffs' allegations show that this claim is time-barred.  Since they originally filed their complaint in this action on September 18, 2009, Plaintiffs would have needed to purchase the notes from National Securities on or after September 18, 2008 to be timely.  15 U.S.C. § 77m (one year statute of limitations for claims under Section 12(a)(1) of the Act).  Here, however, Plaintiffs James and Cheryl Merrill plead that they purchased the notes from National Securities in February, March and September, 2008.  [Complaint ¶ 19.]  The alleged February and March, 2008, purchases clearly are time-barred, and Plaintiffs fail to allege the date in September on which the Merrills made the alleged purchases to save that claim from the statute of limitations.  Accordingly, the Section 12(a)(1) claim against National Securities is time-barred.  *See* Memoranda of Points and Authorities of National Securities and American Securities, incorporated herein by this reference.

The Section 12(a)(1) claim also is not adequately pled, since Plaintiffs fail to allege facts to show either that James and Cheryl Merrill themselves were "unaccredited investors" or that a violation of Section 5 of the Securities Act had occurred prior to their purchase.  *See* Memoranda of Points and Authorities of National Securities and American Securities, incorporated herein by this reference.

Third, the Complaint also lacks sufficient facts to establish a claim under Section 12(a)(2) of the Act.  The gravamen of that claim appears to be a claim of fraud, but Plaintiffs fail to plead either the fraud itself or National Securities' alleged role in it with any particularity, as required by Federal Rule of Civil Procedure 9(b).  Moreover, the Complaint fails to allege that the supposed misstatements and omissions identified were, in fact, false or misleading at the time they were made.

1  *See* Memorandum of Points and Authorities of Securities America, incorporated
2  herein by this reference.

### IV. CONCLUSION

For the reasons set forth herein and in the papers of Securities America as specified and incorporated herein, the Court should dismiss the Complaint against National Securities.

DATED: March 1, 2010          ELKINS KALT WEINTRAUB REUBEN
                              GARTSIDE LLP


                        By:  /s/ Susan C. V. Jones
                             Susan C. V. Jones
                             Attorneys for Defendants NATIONAL
                             SECURITIES CORP. and NATIONAL
                             HOLDINGS CORP.

3770v1                          6

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1800 Century Park East, 7th Floor, Los Angeles, California 90067.

On March 1, 2010, I served true copies of the following document(s) described as **DEFENDANT NATIONAL SECURITIES CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 1, 2010, at Los Angeles, California.

/s/
June E. Barrett

3770v1

7