JEFFREY K. RIFFER (State Bar No. 87016)
jriffer@elkinskalt.com
SUSAN C. V. JONES (State Bar No. 149446)
sjones@elkinskalt.com
ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
1800 Century Park East, 7th Floor
Los Angeles, California 90067
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Defendants NATIONAL
SECURITIES CORP. and NATIONAL
HOLDINGS CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANA MCCOY, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br>v.<br><br>CULLUM & BURKS SECURITIES, INC., et al.,<br><br>Defendants.<br><br>This document relates to:<br>No. 09-SACV-1084 DOC (RNBx)<br>No. 09-SACV-1295 DOC (RNBx)<br>No. 09-SACV-1340 DOC (MLG)<br>No. 09-SACV-8482 DOC (RNBx) | CASE No. SACV 09-1084 DOC(RNBx)<br><br>DEFENDANT NATIONAL HOLDINGS CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT<br><br>Date:    May 24, 2010<br>Time:    8:30 a.m.<br>Place:   Ctrm 9D |

Defendant National Holding Corp. ("National Holdings") respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Consolidated Amended Class Action Complaint (the "Complaint").

///

///

3769v1

## I.    PREFATORY STATEMENT

Plaintiffs have cast a wide net in search of defendants in this case. National Holdings, the parent company of co-defendant National Securities Corp. ("National Securities"), has been caught in this net even though the Complaint does not contain a single factual allegation implicating National Holdings in any of the wrong doing alleged therein. The only reason Plaintiffs have even named National Holdings is because it is the parent company of National Securities. This is not a sufficient basis upon which to force National Holdings to defend itself in a potentially far-reaching class action.

The Complaint alleges a fraudulent scheme supposedly developed and carried out by several entities, defined as the "Medical Capital" entities, who are not defendants here. [Complaint ¶ 5.] Indeed, these entities are now protected from suit by a court-ordered stay of litigation. [Complaint ¶ 42.] In light of this stay, Plaintiffs apparently are casting further afield for potential defendants, and accordingly have named a number of registered broker-dealers, identified as the "Broker Defendants" and including National Holdings' subsidiary, National Securities. [Complaint ¶ 1.] Supposedly, each of the Broker Defendants sold allegedly fraudulent promissory notes issued by Medical Capital to one or more of the Plaintiffs. [Complaint ¶¶ 15-20.]

National Holdings' connection to the actions alleged in the Complaint is even more tenuous than that of its subsidiary, National Securities. The Complaint acknowledges that National Holdings is a holding company, and the corporate parent of National Securities. Plaintiffs then use that basic allegation to designate National Holdings as a "Control Person Defendant," alleging no additional or specific facts to justify such a definition. [Complaint ¶ 11.] Using this arbitrary "control person" label, Plaintiffs then attempt to impose liability on National Holdings in Count III of the Complaint on a purported "control person" theory under Section 15 of the Securities Act of 1933. 15 U.S.C. 77o.

Plaintiffs' Count III fails for three independent reasons.

<u>First</u>, Plaintiffs' entirely conclusory allegations fail to meet the pleading requirements set forth in Federal Rule of Civil Procedure 8 and the United States Supreme Court cases interpreting it.

<u>Second</u>, as explained fully in the concurrently filed Motions to Dismiss of National Securities and co-Broker Defendant Securities America, Inc. ("Securities America"), the Complaint fails to state a claim against the Broker Defendants in general, and National Securities in particular, under the Securities Act of 1933 (the "Act"). Since there is no underlying claim, there cannot be a claim against National Holdings, or any other party, as a "control person."

<u>Third</u>, the allegations against National Holdings, and against the other so-called Control Person Defendants, are entirely conclusory and inadequate. Plaintiffs must state **facts** to plead that National Holdings is a "control person," and they have not done so.

Notably, the allegations against all five so-called Broker Defendants, including National Securities, and all four supposed Control Person Defendants, including National Holdings, are substantially identical. Plaintiffs make no effort to distinguish between the parties, or to allege facts peculiar to any party.

For this reason, and in order to conserve the Court's resources, National Holdings is bringing this Motion independently but incorporating by reference the Memorandum of Points and Authorities filed by co-Control Person Defendants Ameriprise Financial, Inc. ("Ameriprise") and Securities America Financial Corporation ("SAFC") (collectively, "Ameriprise/SAFC"). The legal reasoning, authorities and arguments set forth by Ameriprise/SAFC are equally applicable to National Holdings, since the allegations against the parties are substantially the same.

For the reasons set forth herein, and in the papers of Ameriprise/SAFC, the Court should dismiss the Complaint against National Holdings under Federal Rule

1  of Civil Procedure 12(b)(6), since the Complaint fails to state a claim upon which
2  relief can be granted.

## II. FACTS PERTAINING TO NATIONAL HOLDINGS

The "facts" alleged in the Complaint relating to National Holdings are sparse, to say the least. They are also almost entirely conclusory.

- Plaintiffs designate National Holdings as a "Control Person Defendant" because they allegedly sue those defendants "in their capacity as control persons of certain of the Broker Defendants." [Complaint ¶ 11.]

- The Complaint alleges that "National Holdings is a holding company that operates primarily through wholly-owned subsidiary National Securities and two other [non-defendant] broker-dealer subsidiaries." [Complaint ¶ 27.] According to Plaintiffs, National Holdings, "through its broker-dealer subsidiaries," offers full service brokerage services, securities trading, investment banking services, asset management and insurance products. [Id.]

- As the basis for its claim against National Holdings as a "control person," Plaintiffs allege that "National Holdings had the power to influence and control and actively used this influence and control over Defendant National **Financial** Corp." [Complaint ¶ 154.] This appears to by a clerical error, since there is no National **Financial** Corp. in this case. Presumably, Plaintiffs mean to allege that National Holdings had and used influence and control over defendant National **Securities** Corp.

These are the **only** allegations in the entire Complaint specifically directed at National Holdings, and they are inadequate to state a claim.

///
///
///
///

## III. THE COMPLAINT OFFERS NO LEGAL BASIS FOR A CLAIM AGAINST NATIONAL HOLDINGS

As set forth in detail in the Memorandum of Points and Authorities of Ameriprise/SAFC, the Complaint fails to state a claim against any of the Control Person Defendants, including National Holdings, for three independent reasons.

<u>First</u>, the conclusory allegations set forth above are inadequate. Federal Rule of Civil Procedure 8(a)(b)(2) requires that the Complaint set forth a "short and plain statement of the claim **showing** that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). The Complaint fails to meet this legal standard. *See* Memorandum of Points and Authorities of Ameriprise/SAFC, incorporated herein by this reference.

<u>Second</u>, the Complaint fails to state a primary violation of Section 15 of the Act, such that National Holdings could be liable as a "control person" for that violation. One of the necessary elements of a "control person" claim is a legally sufficient allegation of a primary violation. *See* Memoranda of Points and Authorities of National Securities, American Securities and Ameriprise/SAFC, incorporated herein by this reference.

<u>Third</u>, the Complaint also lacks any facts whatsoever to show that National Holdings actually acted as a control person of National Securities, as that term is defined by applicable law. Plaintiffs would need to allege facts to show that National Holdings exercised actual power or control over National Securities, and they failed to do so. *See* Memorandum of Points and Authorities of Ameriprise/SAFC, incorporated herein by this reference.

///
///
///
///
///

**IV. CONCLUSION**

For the reasons set forth herein and in the papers of National Securities, Securities America and Ameriprise/SAFC as specified and incorporated herein, the Court should dismiss the Complaint against National Holdings .

DATED: March 1, 2010                ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: /s/ Susan C. V. Jones
Susan C. V. Jones
Attorneys for Defendants NATIONAL SECURITIES CORP. and NATIONAL HOLDINGS CORP.

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1800 Century Park East, 7th Floor, Los Angeles, California 90067.

On March 1, 2010, I served true copies of the following document(s) described as **DEFENDANT NATIONAL HOLDINGS CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 1, 2010, at Los Angeles, California.

/s/ 
June E. Barrett