BRUCE M. BETTIGOLE (Admitted *Pro Hac Vice*)
bruce.bettigole@sutherland.com
DEBORAH G. HEILIZER (Admitted *Pro Hac Vice*)
deb.heilizer@sutherland.com
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004-2415
Telephone: (202) 383-0100
Facsimile: (202) 637-3593

MIKE MARGOLIS, ESQ. SBN: 087785
margolis@winlaw.com
TIMOTHY J. MARTIN, ESQ. SBN: 150304
tmartin@winlaw.com
MARGOLIS & TISMAN LLP
444 South Flower Street, Suite 2300
Los Angeles, California 90071
Telephone: (213) 683-0300
Facsimile: (213) 683-0303

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC., SECURITIES AMERICA, INC.
and SECURITIES AMERICA FINANCIAL CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JANA MCCOY, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs<br>　　v.<br><br>CULLUM & BURKS SECURITIES, INC., et al.,<br><br>　　　　Defendants.<br><br>This document relates to:<br>No. 09-SACV-1084 DOC (RNBx)<br>No. 09-SACV-1295 DOC (RNBx)<br>No. 09-SACV-1340 DOC (MLG)<br>No. 09-SACV-8482 DOC (RNBx) | Case No. SACV 09-1084 DOC(RNBx)<br><br>**DEFENDANTS AMERIPRISE FINANCIAL, INC. AND SECURITIES AMERICA FINANCIAL CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>**Date:**　May 24, 2010<br>**Time:**　8:30 a.m.<br>**Place:**　Ctrm 9D |

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

DEFENDANTS AMERIPRISE AND SAFC'S MPAS IN SUPPORT OF THEIR MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

8988837.1

Defendants Ameriprise Financial, Inc. ("Ameriprise") and Securities America Financial Corporation ("SAFC") (collectively, "Ameriprise/SAFC") submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss the Consolidated Amended Class Action Complaint ("Complaint" or "Compl.").

## 1. PRELIMINARY STATEMENT

The Complaint outlines an alleged fraudulent scheme developed and carried out by several entities, defined as the "Medical Capital" entities (Compl. ¶ 5), that are now under the control of a court-appointed receiver and protected from suit by a court-ordered stay of litigation. In search of one or more deep pockets, Plaintiffs Henry Mitchell and Alvin and June Sabroff ("Plaintiffs") strain to allege claims against Securities America, Inc. ("Securities America"), a registered broker-dealer, and numerous other Broker Defendants (identified at paragraph 1 of the Complaint) under Section 12 of the Securities Act of 1933 ("the Act"), in Counts I and II of the Complaint, as to the alleged misconduct of the insolvent Medical Capital entities. Plaintiffs then seek to impose liability on Ameriprise/SAFC in Count III on a purported "control person" theory under Section 15 of the Act.

Securities America has separately moved to dismiss the misdirected and purely conclusory claims against it. The claim against Ameriprise/SAFC should also be dismissed for failure to state a claim because (i) without a viable claim against Securities America under the Act, there can be no control person liability as to Ameriprise/SAFC, and (ii) the allegations against Ameriprise/SAFC are also wholly conclusory and do not meet the standard for pleading control person liability under the Act.

## 2. ALLEGATIONS RELEVANT TO THIS MOTION

The allegations of the Complaint pertaining to the alleged underlying securities fraud scheme of the Medical Capital entities, and to the purported role of Securities America as one of many brokers involved in selling the securities at issue, are summarized in Securities America Memorandum of Points and Authorities in Support

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

1

DEFENDANTS AMERIPRISE AND SAFC'S MPAS IN SUPPORT OF THEIR MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
8988837.1

Printed on Recycled Paper

of its Motion to Dismiss the Consolidated Amended Class Action Complaint ("Securities America's Memorandum"), at pages 3-6. Ameriprise/SAFC incorporate that summary herein by reference, and present the following additional allegations from the Complaint that are pertinent to the claim for control person liability under Count III:

Ameriprise is alleged to wholly own SAFC, and to direct the management and policies of Securities America. (Compl. ¶ 24.) SAFC is alleged to own at least 75% of Securities America, and also to direct the management or policies of Securities America. (Id. ¶ 25.) In addition, several SAFC officers are alleged to serve as officers of Securities America, but only two specific individuals are identified as holing dual titles. (Id.) In Count III, the Control Person Defendants (identified at paragraph 11 of the Complaint) are generally alleged to be "owners and control persons of certain of the Broker Defendants," and Defendants Ameriprise and SAFC are conclusorily alleged to have "had the power to influence and control and actively used this influence and control over Defendant Securities America." (Id. ¶ 154.) No other substantive allegations are made regarding the purported control person liability of Ameriprise/SAFC, and no additional facts are presented in support of the forgoing conclusory allegations of power and control.

On July 16, 2009, the SEC commenced an enforcement action against several of the Medical Capital entities for alleged securities violations. (Id. ¶ 56.) In that action, the court issued an order on August 3, 2009 that stayed all litigation against such Medical Capital entities. (Id. ¶ 42.)

3.   **ARGUMENT**

Plaintiffs' Section 15 claim in Count III for control person liability against Ameriprise/SAFC should be dismissed because, as a threshold matter, Plaintiffs fail to adequately plead a claim under Section 12 of the Act against Securities America, and without such a claim, there can be no derivative liability under Section 15. In addition, Plaintiffs' conclusory allegations of power and control over Securities

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

2

DEFENDANTS AMERIPRISE AND SAFC'S MPAS IN SUPPORT OF THEIR MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
8988837.1

Printed on Recycled Paper

1  America fail to satisfy the pleading standard under Rule 8 of the Federal Rules of
2  Civil Procedure for control person liability.

3  **A.     Plaintiffs Must Satisfy An Exacting Pleading Standard Under Rule 8**

4  Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a
5  "short and plain statement of the claim <u>showing</u> that the pleader is entitled to relief."
6  Fed. R. Civ. P. 8(a)(2) (emphasis added).  The Supreme Court in <u>Bell Atlantic Corp.
7  v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)
8  and, more recently, <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1949 __ L. Ed. 2d
9  __ (2009), articulated the standards that apply to test the sufficiency of a plaintiff's
10 complaint in the face of a motion to dismiss pursuant to Rule 12(b)(6).  "To survive a
11 motion to dismiss, a complaint must contain sufficient factual matter, accepted as
12 true, to 'state a claim to relief that is plausible on its face.'"  <u>Iqbal</u>, 129 S. Ct. at 1949
13 (quoting <u>Twombly</u>, 550 U.S. at 570).  "A claim has facial plausibility when the
14 plaintiff pleads factual content that allows the court to draw the reasonable inference
15 that the defendant is liable for the misconduct alleged."  <u>Id.</u> (citing <u>Twombly</u>, 550
16 U.S. at 556).   The Court must accept all factual allegations as true, but this
17 requirement does not apply to "[t]hreadbare recitals of the elements of a cause of
18 action, supported by mere conclusory statements."  <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at
19 555).  Unless a plaintiff's well-pleaded allegations have "nudged [its] claims across
20 the line from conceivable to plausible, [the] complaint must be dismissed."
21 <u>Twombly</u>, 550 U.S. at 570.

22 Essentially, the Supreme Court has endorsed a two-step process for evaluating
23 the sufficiency of a complaint under this plausibility standard.  This process requires
24 district courts to (1) identify and disregard all legal conclusions in the complaint, and
25 (2) determine whether the remaining factual allegations plausibly suggest the
26 defendant's liability.

27 The Supreme Court's decisions in <u>Twombly</u> and <u>Iqbal</u> mark a considerable
28 departure from the oft-invoked "no set of facts" standard, extracted from <u>Conley v.</u>

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

3

**DEFENDANTS AMERIPRISE AND SAFC'S MPAS IN SUPPORT OF THEIR MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**
8988837.1

Printed on Recycled Paper

Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), for evaluating a defendant's motion to dismiss. By replacing Conley's "no set of facts" standard with the plausibility standard of Twombly and Iqbal, the Supreme Court has ushered in a more rigorous and fact-intensive test for assessing whether a complaint fails to state a claim upon which relief can be granted.

As discussed below, Plaintiffs' allegations relating to the claim for control person liability in Count III fail to satisfy Twombly and Iqbal; indeed, these allegations would not even satisfy the pre-Twombly standard.

### B. Plaintiffs Fail To State A Claim Under Section 15 Of The Act (Count III)

Plaintiffs fail to adequately plead either an underlying violation of Section 12 or control person liability under Section 15. Count III should therefore be dismissed.

#### (1) There Is No Primary Violation Under Section 12

Plaintiffs' control person claim under Section 15 requires a primary violation of the Act. In the absence of a properly alleged primary violation of Section 12, there can be no liability under Section 15. See Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1161 (9th Cir. 1996); SEC v. First Jersey Securities, Inc., 101 F.3d 1450, 1472 (2d Cir. 1996). For the reasons stated in Securities America's Memorandum, Plaintiffs have not properly alleged a violation of Section 12 by Securities America. Accordingly, the claim under Section 15 must fail as well.

#### (2) The Complaint Does Not Plausibly Suggest That Either Ameriprise Or SAFC Controlled Securities America

Even if Plaintiffs have adequately pleaded a primary violation of Section 12 by Securities America (which they have not), Count III against Ameriprise/SAFC should still be dismissed because the Complaint lacks sufficient factual allegations to show that either Ameriprise or SAFC would be liable as a control person under Section 15. To state a claim for control person liability, a plaintiff must allege, in addition to a primary violation of federal securities law, that the defendant exercises actual power

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

4

DEFENDANTS AMERIPRISE AND SAFC'S MPAS IN SUPPORT OF THEIR MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
8988837.1

Printed on Recycled Paper

or control over the primary violator. <u>In re Downey Securities Litigation</u>, No. CV-08-3261-JFW, 2009 WL 2767670, at *15 (C.D. Cal. Aug. 21, 2009); <u>Fouad v. Isilon Systems Inc.</u>, No. C07-1764, 2008 WL 5412397, at *11 (W.D. Wash. Dec. 29, 2008); <u>In re Homestore.com, Inc. Securities Litigation</u>, 347 F. Supp. 2d 790, 809 (C.D. Cal. 2004).[1]  Plaintiffs fail to meet this pleading standard for a Rule 15 claim.

Plaintiffs allege partial ownership of Securities America by SAFC, complete ownership of SAFC by Ameriprise, and two individuals who are both officers of SAFC and Securities America.  Based solely on these alleged facts, Plaintiffs conclude that Ameriprise and SAFC each "had the power to influence and control and actively used this influence and control over Defendant Securities America." (Compl. ¶ 154.)  Plaintiffs thus fail to plead sufficient facts to show how either SAFC, an alleged majority shareholder of Securities America, or Ameriprise, alleged as a second-generation parent, (i) had the power to cause Securities America to engage in the alleged conduct, or (ii) actually exercised control over Securities America.  See <u>In re Digital Island Securities Litigation</u>, 223 F. Supp. 2d 546, 561 (D.

---

[1] It was previously well settled in the Ninth Circuit that a claim for control person liability under the securities laws required pleading and proof that the defendant actively used influence or control to be a "culpable participant" in the primary violation.  See <u>Durham v. Kelly</u>, 810 F.2d 1500, 1503-04 (9th Cir. 1987).  In <u>Hollinger v. Titan Capital Corp.</u>, 914 F.2d 1564 (9th Cir. 1990), the Ninth Circuit held "that a plaintiff is <u>not</u> required to show 'culpable participation' to establish that a broker-dealer was a controlling person [with respect to a registered representative] under § 20(a) [of the Securities Exchange Act of 1934]," a parallel control person liability provision to Section 15 of the Act.  <u>Id.</u> at 1574-75 (emphasis in original). The Court expressly limited its holding, however, to "the context of the broker-dealer/registered representative relationship exclusively," and noted that it did not address the "culpable participation" standard in other contexts.  <u>Id.</u> at 1575 n.24. Nevertheless, subsequent decisions in the Ninth Circuit appear to have replaced the "culpable participation" standard in other contexts with a standard based on the exercise of "actual power or control over the primary violator."  E.g., <u>In re Downey Securities Litigation</u>, 2009 WL 2767670, at *15.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

5

**DEFENDANTS AMERIPRISE AND SAFC'S MPAS IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**
8988837.1

Printed on Recycled Paper

Del. 2002), aff'd, 357 F.3d 322 (3d Cir. 2004) (construing the analogous control person provisions of the Securities Act of 1934, "the court concludes the plaintiffs' unsupported allegations regarding management responsibilities fail to allege with the requisite specificity that the individual defendants played a role in the alleged disclosures"). Allegations of stock ownership and some overlapping officers, without more, are not sufficient to demonstrate either the power to exercise control or the actual exercise of control. See id. (even a CEO is not automatically a "controlling person"); In re Downey Securities Litigation, 2009 WL 2767670, at *15 (alleged ownership of stock, among other "boilerplate allegations," are "insufficient to state a claim for control person liability").

In Fouad, the court dismissed claims under Section 15 of the Act and its counterpart in the Securities Exchange Act of 1934, Section 20(a), alleging control person liability against certain venture capital firms that were large shareholders of the alleged underlying violator. The court noted the allegation of only two facts in support of plaintiffs' theory of control – that each venture capital defendant was a large shareholder, and that each such defendant appointed one or more members of the alleged violator's board of directors. 2008 WL 5412397, at *13. The court rejected these allegations as "conclusory" and insufficient to support a theory of control. Id.

Here, allegations that SAFC owns a percentage of Securities America's stock and has two overlapping officers with Securities America are similarly conclusory and insufficient to plead control person liability, because these allegations demonstrate neither the power to influence and control Securities America nor that SAFC actually exercised power or control over Securities America. These deficiencies are even more stark in the case of Ameriprise, alleged as a second generation parent of Securities America with no alleged overlap of officers or directors.

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

6

DEFENDANTS AMERIPRISE AND SAFC'S MPAS IN SUPPORT OF THEIR MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
8988837.1

Printed on Recycled Paper

Plaintiffs have failed to allege a proper basis for their Section 15 claim. The claim should be dismissed.

### 4. CONCLUSION

For the foregoing reasons, Defendants Ameriprise and SAFC request that the Complaint, and all claims against them, be dismissed.

Dated: March 1, 2010          Respectfully submitted,

BRUCE M. BETTIGOLE
DEBORAH G. HEILIZER
PETER LIGH
SUTHERLAND ASBILL & BRENNAN LLP


By: /s/ Bruce M. Bettigole
        Bruce M. Bettigole


MIKE MARGOLIS
TIMOTHY J. MARTIN
MARGOLIS & TISMAN LLP


By: /s/ Timothy J. Martin
        Timothy J. Martin

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC., SECURITIES AMERICA, INC. and SECURITIES AMERICA FINANCIAL CORPORATION

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW
444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

7

DEFENDANTS AMERIPRISE AND SAFC'S MPAS IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT
8988837.1

Printed on Recycled Paper