Christine Dusbabek (State Bar No. 257575)
CORPORATE LEGAL, LLC
6041 South Syracuse Way, Suite 305
Greenwood Village, CO 80111
Telephone: (303) 874-3185
Facsimile: (303) 397-1967
Email: cdusbabek@corporatelegal.us

Attorneys for Defendant CAPITAL FINANCIAL HOLDINGS, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| JANA MCCOY, HENRY MITCHELLL, JEFF HUBER, ALVIN SABROFF, JUNE SABROFF, JAMES MERRILL, CHERYL MERRILL and DON RIBACCHI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs,<br><br>CULLUM & BURKS SECURITIES, INC., CAPWEST SECURITIES, INC., SECURITIES AMERICA, INC., AMERIRPISE FINANCIAL, INC., SECURITIES AMERICA FINANCIAL CORP., NATIONAL SECURITIES CORP., NATIONAL HOLDINGS CORP., CAPITAL FINANCIAL SERVICES, INC. and CAPITAL FINANCIAL HOLDINGS, INC.<br><br>Defendants<br><br>This document relates to:<br>   Case No. 8:09-CV-01084-DOC-RNB<br>   Case No. 8:09-CV-01295-DOC-RNB<br>   Case No. 8:09-CV-01340-DOC-MLG<br>   Case No. 8:09-CV-08482-DOC-RNB | Case No. 8:09-CV-01084-DOC-RNB<br><br>**DEFENDANT CAPITAL FINANCIAL HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>HEARING DATE: May 24, 2010<br>TIME: 8:30 a.m.<br>JUDGE: Hon. David O. Carter<br>CTRM: 9D |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on May 24, 2010, at 8:30 a.m., or as soon thereafter as the matter can be heard in Courtroom 9D of the above-entitled Court, located at 411 West 4th Street, Santa Ana, California, 92701-4516, Defendant Capital Financial Holdings, Inc. ("CFS") will and hereby moves this Court for an order dismissing the Consolidated Amended Class Action Complaint for Violations of Section 15 of the Securities Act of 1933 ("Complaint" or "Compl.") for failure to state a claim upon which relief can be granted. Specifically, Plaintiffs have failed to plead a cognizable claim against CFS under Section 12 of the Securities Act, thus Plaintiff's control person claim under Section 15 of the Securities Act against Capital Financial Holdings necessarily fails as well. Also, Plaintiffs have failed to plead sufficient factual allegations to show that Capital Financial Holdings would be liable as a control person under Section 15 of the Securities Act.

Pursuant to Local Rule 7-3, on February 22, 2010 (more than five days prior to the last day for filing the motion) counsel for Defendant CFS emailed counsel for Plaintiffs Don Ribacchi ("Ribacchi") and those similarly situated in an attempt to set up a date and time to confer. Counsel then conferred on February 25, 2010 prior to the filing of this Motion. Counsels were unable to reach a resolution other than to the date for hearing of the Motion.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; Capital Financial Services, Inc.'s Memorandum of Points and Authorities in Support of its Motion to Dismiss; the pleadings and papers filed in this action; all matters of which judicial notice can be taken; and such further arguments and matters as may be offered at the time of the hearing of this Motion.

DATED: March 1, 2010                     CORPORATE LEGAL, LLC

                                         By: __/s/ Christine K Dusbabek__
                                              Christine K. Dusbabek

                                         Attorneys for Defendant
                                         CAPITAL FINANCIAL HOLDINGS, INC.

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Don Ribacchi, on behalf of himself and all others similarly situated ("Plaintiffs"),[1] are investors in notes issued by a group of companies affiliated with Medical Capital Holdings, Inc. (collectively, "Medical Capital").[2] Medical Capital is subject to a Court Order in an SEC enforcement action (the "SEC Order") that has stayed all litigation against Medical Capital. (Compl. ¶ 42).

This Complaint is directed against Capital Financial Holdings, Inc. ("Capital Financial Holdings") and its subsidiary, Capital Financial Services, Inc. ("CFS"), among several other financial services companies and their broker-dealer subsidiaries, seeking to hold these defendants liable for an alleged scheme to defraud investors involving the sale of unregistered securities, devised and perpetrated by other entities that are presently subject to the SEC Order and immune from suit. Unable to pursue the proper defendants, Plaintiff Don Ribacchi ("Plaintiff") alleges a claim against CFS under Sections 12(a)(1) and 12(a)(2) of the Securities Act of 1933 ("Securities Act") in Count I and Count II of the Complaint, and then seeks to impose liability on Capital Financial Holdings under Count III for a violation of Section 15 of the Securities Act (control person liability). CFS has separately moved to dismiss the misdirected and purely conclusory claims against it and Capital Financial Holdings incorporates all of CFS legal analysis and arguments here. The claim against Capital Financial Holdings should also be dismissed for failure to state a claim because (i) without a viable claim against CFS under the Securities Act, there can be no control person

---

[1] Only one of the eight named plaintiffs in this consolidated class action allegedly purchased securities from CFS. The other plaintiffs allegedly purchased securities from other named broker-dealers defendants. Accordingly, this Motion on behalf of Capital Financial Holdings is directed to the claims of Plaintiff Don Ribacchi in Count III (alleging a violation of Section 15 of the Securities Act for CFS alleged violations of Section 12(a)(1) and 12(a)(2) of the Securities Act).

[2] The Plaintiffs allegedly purchased or otherwise acquired the Notes of MP III, MP IV, MP V, and/or MP VI on or after September 18, 2006 from the Defendant broker dealers. (Compl. ¶ 142). Plaintiff Don Ribacchi, in particular, allegedly purchased MP III, MP IV and MP V between November 2006 and May 2008 from Defendant CFS. (Compl. ¶ 20).

**CAPITAL FINANCIAL HOLDINGS NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

liability as to Capital Financial Holdings, and (ii) the allegations against Capital Financial Holdings are wholly conclusory and do not meet the standard for pleading control person liability under the Securities Act.

## II. DESCRIPTION OF MATERIAL ALLEGATIONS IN COMPLAINT

### A. Medical Capital

Medical Capital Holdings, Inc. ("MCHI") was a company in the business of financing healthcare providers by purchasing their accounts receivable and making secured loans to them. (Compl. ¶ 3). To finance its business, MCHI raised funds through six separate special purpose entities ("SPC"), which included "Medical Provider Funding Corporation I" through Medical Provider Funding Corporation VI" (referred to as MP I, MP II, MP III, MP IV, MP V, and MP VI). (Compl. ¶¶ 4-5). Medical Capital Corporation ("MCC"), a wholly owned subsidiary of MCHI, served as the special administrator for the SPCs and received fees for these services from amounts collected from healthcare receivables. (Compl. ¶¶ 5, 52)

### B. The Offerings

Notes for each of the MP's were offered and sold to the public through a nationwide network of more than sixty (60) broker-dealers, including the Defendant broker-dealers, as unregistered private placements exempt from the registration requirements of the Securities Act under Rule 506 of Regulation D, 17 C.F.R. § 230.506, to be sold only to accredited investors through Private Placement Memorandums ("PPMs"). (Compl. ¶ 66). Each of the Offerings were structured and conducted in a similar manner. (Compl. ¶¶ 68, 83).

Co-defendant CFS is a broker-dealer, and is not alleged to have been, nor was it, an issuer, underwriter, or managing dealer of the Medical Capital securities. Some of CFS accredited investor customers purchased the Medical Capital securities, but CFS is not alleged to have created or issued the PPMs or any other offering documents issued by Medical Capital or the affiliated Entities. Defendant Capital Financial Holdings is a publicly-owned parent company of CFS.

Capital Financial Holdings is alleged to wholly own CFS and its family of mutual funds and by reason of such ownership is alleged to control CFS. (Compl. ¶¶ 29, 154). The Complaint, however, is silent as to whether Capital Financial Holdings and CFS share common management. In Count III, Capital Financial Holdings is generally alleged to have "the power to influence and control and actively used this influence and control over Defendant [CFS]." (Compl. ¶ 54). There is no additional detail regarding Capital Financial Holdings or CFS, as having (i) the ability to prevent its subsidiary "Broker Defendant" from acting as a seller of Medical Capital Notes, and (ii) direct and supervisory involvement in and/or knowledge of the day-to-day operations of its subsidiary Broker Defendant. No other substantive allegations are made regarding Capital Financial Holdings' purported control person liability.

In August 2008, Medical Capital began to default on its principal and interest obligations for MP II, MP III, MP IV and MP V. (Compl. ¶ 118.) In July 2009, the SEC commenced an enforcement action against Medical Capital and sought, *inter alia*, the appointment of a receiver over Medical Capital and its related and affiliated companies. (Compl. ¶¶ 56-60.) A permanent receiver was appointed on August 3, 2009. (Compl. ¶ 60).

Plaintiffs' Complaint alleges that CFS and other broker-dealers are liable for the investment losses suffered by the named plaintiffs because they offered and sold unregistered securities in violation of Section 12(a)(1) of the Securities Act and the PPMs issued by Medical Capital allegedly contained untrue statements of a material fact or omitted to state a material fact necessary to make the statements not misleading, thus violating Section 12(a)(2) of the Securities Act. Plaintiffs also allege that Capital Financial Holdings is jointly and severally liable under the control person provisions of Section 15 of the Securities Act. These allegations are purely conclusory and are unaccompanied by the requisite level of factual detail to make out legally cognizable claims against Capital Financial Holdings.

### III.   ARGUMENT

**A.   The Legal Standards Governing This Motion.**

4

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim <u>showing</u> that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). As the Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement. *Twombly*, 550 U.S. at 557

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556) ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") Unless a plaintiff's well pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

The Court "'need not...accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *In re Gilead Scis, Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)), *cert. denied* __ U.S. __, 129 S. Ct. 1993 (2009); *see also Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *accord Belodoff v. Netlist, Inc.*, 2009 WL 2777320, at *4 (C.D. Cal. Sept. 1, 2009)

(Carter, J.) ("First, while a court must take as true all factual allegations in a complaint, conclusory allegations and legal conclusions can be rejected. Second, only plausible claims for relief will withstand a motion to dismiss." (citation omitted)).

Essentially, the Supreme Court has endorsed a two-step process for evaluating the sufficiency of a complaint under this plausibility standard. This process requires district courts to (1) identify and disregard all legal conclusions in the complaint (i.e. identify and disregard allegations that are merely "labels and conclusions," "formulaic recitations," or "naked assertions"), and (2) determine whether the remaining factual allegations plausibly suggest the defendant's liability (i.e. determine whether remaining allegations "plausibly give rise to an entitlement to relief").

By these standards, Plaintiffs' allegations regarding the control person liability of Capital Financial Holdings under Section 15 of the Securities Act fail to satisfy this pleading standard.

**B. Count III for Violation of Section 15 of the Securities Act of 1933 Should Be Dismissed Because the Plaintiffs Fail to State a Claim for Relief.**

Count Three of the Consolidated Amended Class Action Complaint alleges that Capital Financial Holdings is jointly and severally liable under Section 15 of the Securities Act, based on CFS' alleged violation of Sections 12(a)(1) and 12(a)(2) of the Securities Act. Plaintiffs' allegations fail to meet the pleading standard for alleging a claim against Capital Financial Holdings under Section 15.

1. *Plaintiffs' Factual Allegations Do Not Adequately Plead a Violation by CFS of Section 12(a)(1) or 12(a)(2) of the Securities Act.*

Section 15 of the Securities Act provides for joint and several liability on the part of one who controls a violator of Section 11 or Section 12, "unless the controlling person had no knowledge of or reasonable ground to believe in the existence of the facts by reason of which the liability of the controlled person is alleged to exist." 15 U.S.C. § 77o. Under this provision, the plaintiff must prove that one person controlled another person or entity and that the

controlled person or entity committed a primary violation of the securities laws. See *Christoffel v. E.F. Hutton & Co.*, 588 F.2d 665, 668 (9th Cir.1978). For the reasons stated in CFS' "Notice of Motion and Motion to Dismiss Consolidated Amended Class Action Complaint; Memorandum of Points and Authorities," dated March 1, 2010 (which Capital Financial Holdings incorporates here by reference), Plaintiffs have not properly alleged a violation of Section 12(a)(1) or 12(a)(2) by CFS. Because Plaintiffs have failed to plead a cognizable claim against CFS under Section 12 of the Securities Act, Plaintiff's control person claim under Section 15 of the Securities Act against Capital Financial Holdings necessarily fails as well.

    2.    ***Plaintiffs' Factual Allegations Do Not Plausibly Suggest That Capital Financial Holdings Controlled CFS.***

Even if Plaintiffs have adequately pleaded a primary violation of Section 12 of the Securities Act by CFS (which they have not), Count Three should still be dismissed against Capital Financial Holdings because the Complaint lacks sufficient factual allegations to show that Capital Financial Holdings would be liable as a control person under Section 15 of the Securities Act.

"To establish that someone is a 'controlling person' the complainant must show that there was a relationship between the controlling and controlled person and that actual power or influence was exerted over the alleged controlled person." *Durham v. Kelly*, 810 F.2d 1500, 1503-04 (9th Cir. 1987); *Kersh v. General Council*, 804 F.2d 546, 548 (9th Cir.1986). In *Christoffel v. E.F. Hutton & Co.*, 588 F.2d 665 (9th Cir.1978), the Court noted that Congress, in using the term "controlling person" intended to encompass all persons who exerted actual control over someone who violated the securities laws. *Id.* at 668. In *Kersh v. General Council*, 804 F.2d 546, 549 (9th Cir.1986), the Court held as follows: "To establish a prima facie case that the defendant was a "controlling person", a plaintiff must show not only that the defendant had actual power or influence, but also that he was a '<u>culpable participant</u>' in the alleged illegal activity." *Id.* (quoting *Christoffel v. E.F. Hutton & Co., Inc.*, 588 F.2d at 668) (emphasis added).

Here, Plaintiffs' Complaint fails to allege facts that plausibly suggest Capital Financial Holdings' liability as a "control person." First, Plaintiffs have not made any allegations (even conclusory ones) that Capital Financial Holdings was a "culpable participant" in the alleged violation of Section 12(a)(1) or 12(a)(2) of the Securities Act by CFS. Accordingly, Plaintiffs' Complaint fails to satisfy the test articulated in *Kersh v. General Council* and the knowledge or reasonably believe requirements of Section 15 of the Securities Act.

Second, under *Twombly* and *Iqbal*, Plaintiffs' conclusory allegations and naked assertions of control must first be discarded (that is, the allegations are not entitled to be assumed true)[3] and once these legal conclusions and naked assertions are discarded, the remaining allegations do not plausibly suggest Capital Financial Holdings control liability. The paragraphs in the Complaint that reference Capital Financial Holdings are as follows: (1) Paragraph 28 of the Complaint alleges, in a conclusory manner, that "Capital Financial is a wholly-owned and controlled subsidiary of Defendant Capital Financial Holdings;" (2) Paragraph 29 of the Complaint alleges that "Capital Financial Holdings is a holding company that operates primarily through wholly-owned subsidiary Capital Financial and its family of mutual funds. Through Capital Financial, Capital Financial Holdings distributes securities and insurance products to retail investors. Through its mutual fund services, Capital Financial Holdings provides investment advisory, distribution, shareholder services and fund accounting for Capital Financial Holdings' mutual funds;" and (3) Paragraph 154 of the Complaint alleges, in similarly conclusory language, that "Defendant Capital Financial Holdings had the power to influence and control and actively used this influence and control over Defendant Capital Financial." Nowhere in these paragraphs, or elsewhere in the Complaint, do the Plaintiffs provide any factual allegations (beyond the conclusory

---

[3] These allegations are not rejected on the ground that they are unrealistic or nonsensical, but due to the conclusory nature of the allegations. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).

8

**CAPITAL FINANCIAL HOLDINGS NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

allegations) to support their conclusions of control. For instance (by way of example), the Complaint does not allege that Capital Financial Holdings and CFS shared common management, that Capital Financial Holdings exercised control over the <u>operations</u> and day-to-day activities of CFS, and that Capital Financial Holdings had the power to control the specific transaction or activities upon which CFS' alleged primary violation is predicated. Accordingly, Plaintiffs' Complaint fails to state a "control person" liability against Capital Financial Holdings under Section 15 of the Securities Act and this claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Capital Financial Holdings respectfully requests that the Court enter an order dismissing the Complaint against it with prejudice.

DATED: March 1, 2010              CORPORATE LEGAL, LLC

                                  By: __/s/ *Christine K Dusbabek*__
                                       Christine K. Dusbabek

                                  Attorneys for Defendant
                                  CAPITAL FINANCIAL HOLDINGS, INC.

**CAPITAL FINANCIAL HOLDINGS NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed by Corporate Legal, LLC, 6041 South Syracuse Way, Suite 305, Greenwood Village, Colorado 80111. I am over 18 years of age and not a party to this action.

On March 1, 2010, I served the following documents:

1. **DEFENDANT CAPITAL FINANCIAL HOLDINGS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

On:   **ATTACHED SERVICE LIST**

__X__ By electronically filing with the Clerk of the United States District Court for the Central District of California, using the CM/ECF System, to the firms marked for *Via Electronic Service*. The Court's CM/ECF System will send an email notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

__X__ By electronically transmitting via email to the email addresses marked for *Via E-Mail* on the attached service list on this date.

____ By placing the document(s) listed above for collection for mailing to the firms marked for *Via First Class Mail* on the attached service list following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Greenwood Village, Colorado addressed as set forth below.

____ By personally delivering the document(s) listed above to the person(s) marked for *Via Personal* on the attached service list on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on March 1, 2010, at Greenwood Village, Colorado.

By: __/s/ *Christine K Dusbabek*__
        Christine K. Dusbabek

## SERVICE LIST

| | |
|---|---|
| Daniel C. Girard (Via Electronic Service)<br>Jonathan K. Levine (Via Electronic Service)<br>Todd I. Espinosa (Via Email)<br>**GIRARD GIBBS LLP**<br>601 California Street, 14th Floor<br>San Francisco, CA 94108<br>Phone: (415) 981-4800<br>Fax: (415) 981-4846<br>Email: dcg@girardgibbs.com<br>Email: jkl@girardgibbs.com<br>Email: tie@girardgibbs.com<br><br>*Plaintiffs' Co-Lead Counsel* | Robin F. Zwerling (Via Electronic Service)<br>Stephen L. Brodsky (Via Electronic Service)<br>**ZWERLING, SCHACHTER &<br>ZWERLING, LLP**<br>41 Madison Avenue<br>New York, NY 10010<br>Phone: (212) 223-3900<br>Fax: (212) 371-5969<br>Email: rzwerling@zsz.com<br><br><br><br>*Plaintiffs' Co-Lead Counsel* |
| Dan Drachler (Via Electronic Service)<br>**ZWERLING, SCHACHTER &<br>ZWERLING, LLP**<br>1904 Third Avenue, Suite 1030<br>Seattle, WA 98101<br>Phone: (206) 223-2053<br>Fax: (206) 343-9636<br>Email: ddrachler@zsz.com<br><br>*Plaintiffs' Co-Lead Counsel* | Ari H. Jaffe (Via Email)<br>**KOHRMAN JACKSON & KRANTZ,<br>PLL**<br>One Cleveland Center, 20th Floor<br>1375 East Ninth Street<br>Cleveland, OH 44114<br>Phone: (216) 696-8700<br>Fax: (216) 621-6536<br>Email: ahj@kjk.com<br><br>*Plaintiffs' Counsel* |
| Julia Rider (Via Electronic Service)<br>**JEFFER MANNGELS BUTLER &<br>MARMARO LLP**<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>Phone: (310) 203-8080<br>Fax: (310) 203-0567<br>Email: jjr@jmbm.com<br><br>*Counsel for Defendant Cullum & Burks Securities, Inc.* | Gregory J. Sherwin (Via Email)<br>**FIELDS FEHN & SHERWIN**<br>11755 Wilshire Blvd., 15th Floor<br>Los Angeles, CA 90025<br>Phone: (310) 473-6338<br>Email: gregsherwin@ffandslaw.com<br><br><br><br>*Counsel for Defendant CapWest Securities, Inc.* |

| | |
|---|---|
| Jeffrey K. Riffer (Via Electronic Service)<br>**ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP**<br>1800 Century Park East, 7th Floor<br>Los Angeles, CA 90067<br>Phone: (310) 746.4400<br>Fax: (310) 746.4499<br>E-mail: jriffer@elkinskalt.com<br><br>*Attorneys for Defendants National Securities Corp. and National Holdings Corp.* | Mike Margolis (Via Email)<br>Timothy J. Martin (Via Electronic Service)<br>**MARGOLIS & TISMAN LLP**<br>444 South Flower St., Suite 2300<br>Los Angeles, CA 90071<br>Phone: (213) 683-0300<br>Fax: (213) 683-0303<br>Email: margolis@winlaw.com<br>Email: tmartin@winlaw.com<br><br>*Counsel for Defendants Securities America, Inc., Ameriprise Financial, Inc., and Securities America Financial Corporation* |
| Bruce M. Bettigole (Via Electronic Service)<br>Deborah G. Heilizer (Via Electronic Service)<br>**SUTHERLAND ASBILL & BRENNAN LLP**<br>1275 Pennsylvania Avenue, NW<br>Washington D.C. 20004<br>Phone: (202) 383-0165<br>Fax: (202) 637-3593<br>Email: bruce.bettigole@sutherland.com<br>Email: deb.heilizer@sutherland.com<br><br>*Counsel for Defendants Securities America, Inc., Ameriprise Financial, Inc., and Securities America Financial Corporation* | Peter Ligh (Via Electronic Service)<br>**SUTHERLAND ASBILL & BRENNAN LLP**<br>Grace Building<br>1114 Avenue of the Americas, 40th Floor<br>New York, NY 10036-7703<br>Email: peter.ligh@sutherland.com<br><br><br><br><br>*Counsel for Defendants Securities America, Inc., Ameriprise Financial, Inc., and Securities America Financial Corporation* |

**PROOF OF SERVICE**