Christine Dusbabek (State Bar No. 257575)
CORPORATE LEGAL, LLC
6041 South Syracuse Way, Suite 305
Greenwood Village, CO 80111
Telephone: (303) 874-3185
Facsimile: (303) 397-1967
Email: cdusbabek@corporatelegal.us

Attorneys for Defendants CAPITAL FINANCIAL
SERVICES, INC. and CAPITAL FINANCIAL
HOLDINGS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JANA MCCOY, et al., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CULLUM & BURKS SECURITIES, INC., et al. <br><br> Defendants. <br> _____ <br><br> This document relates to: <br> Case No. 8:09-CV-01084-DOC-RNB <br> Case No. 8:09-CV-01295-DOC-RNB <br> Case No. 8:09-CV-01340-DOC-MLG <br> Case No. 8:09-CV-08482-DOC-RNB | Case No. 8:09-CV-01084-DOC-RNB <br><br> **DEFENDANTS CAPITAL FINANCIAL SERVICES, INC.'S AND CAPITAL FINANCIAL HOLDINGS, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** <br><br> DATE: May 24, 2010 <br> TIME: 8:30 a.m. <br> JUDGE: Hon. David O. Carter <br> CTRM: 9D |

Defendants Capital Financial Services, Inc. ("CFS") and Capital Financial Holdings, Inc. ("CFH") respectfully submits this brief in further support of its Motion to Dismiss the Consolidated Amended Class Action Complaint ("Complaint" or "Compl.").

## I.  **INTRODUCTION**

Plaintiff Ron Prochaska[1], on behalf of himself and all others similarly situated ("Plaintiffs"), are investors in notes issued by a group of companies affiliated with Medical Capital Holdings, Inc. (collectively, "Medical Capital"). Medical Capital is subject to a Court Order in an SEC enforcement action (the "SEC Order") which has stayed all litigation against Medical Capital. (Compl. ¶ 42). Facing unspecified losses, Plaintiffs seek to impose liability on CFS, and several other registered broker-dealers, for allegedly offering and selling unregistered securities in violation of Section 12(a)(1) of the Securities Act of 1933 ("Securities Act") and for allegedly offering and selling securities by use of the mails or interstate facilities by means of a Private Placement Memorandum ("PPM"), which includes untrue statements or omissions of a material fact in violation of Section 12(a)(2) of the Securities Act. Plaintiffs also seek to impose liability on CFH and several other financial services companies for violation of Section 15 of the Securities Act (control person liability).

Section 12 of the Securities Act does not apply to this case because the Note offerings were not a public offering, but a private placement exempt from the registration requirements. Also, contrary to the Plaintiffs argument in their Memorandum of Points and Authorities in Support of Plaintiffs' Opposition to Defendants' Motions to Dismiss Consolidated Amended Class Action Complaint ("Plaintiffs' Opposition"), Plaintiffs claims are not timely filed. Section 12(a)(1) is clear on its face that such a claim must be brought within one year after the violation (i.e. the date the Notes were offered and sold to Plaintiffs or to an alleged unaccredited investor) and this Complaint was not filed against CFS and CFH until after such time.

---

[1] On April 12, 2010, the Court approved the substitution of Ron Prochaska as a named plaintiff and a member of the McCoy Group for Don Ribacchi with respect to the claims asserted against Defendants Capital Financial Services, Inc. and Capital Financial Holdings, Inc. The substitution of Mr. Prochaska for Mr. Ribacchi has no effect on this pending Motion to Dismiss the Consolidated Amended Complaint. See Court Order, Docket No. 77.

With respect to Plaintiffs' claim for violation of Section 12(a)(2), Plaintiffs still have not plead the alleged fraudulent scheme (i.e. Ponzi scheme) with particularity as required under Rule 8 and 9(b) the Federal Rules of Civil Procedure.  Accordingly, the failure of Plaintiffs to plead any aspect of the alleged fraud with particularity in their Complaint and Opposition mandates dismissal of the claim.

Because there is no primary violation by CFS of the securities laws and Plaintiffs have not adequately plead the control relationship between CFH and CFS, Plaintiffs' claims against CFH for violation of Section 15 or control person liability also require dismissal.

## II.  ARGUMENT

### A. Plaintiffs Do Not State Any Claims under Section 12(a)(1).

*1. Section 12 of the Securities Act Does Not Apply to This Matter Because There was No Public Offering.*

Although CFS did not dispute in its Motion to Dismiss that Plaintiffs adequately alleged the elements of a Section 12(a)(1) claim, it did and does dispute that Section 12 of the Securities Act even applies to this case (which would be an element of Plaintiffs' Section 12(a)(1) claim). As stated in CFS' Motion to Dismiss and stated again here, Section 12 of the Securities Act applies to a prospectus (i.e. public offering), not a private placement as in this matter.  See Section 5 and 12 of the Securities Act and the discussion below in Section B.  For this reason alone, the claims against CFS should be dismissed.

*2. Plaintiffs' Claims are Not Timely Filed*

Plaintiffs seek recovery against CFS and the other defendants under Section 12(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77 l(1)) (sale of unregistered securities).  Contrary to Plaintiffs' arguments, claims under Section 12(a)(1) of the Securities Act of 1933 must be brought within one year of the <u>alleged illegal sale</u> (i.e. violation), not the discovery of the alleged illegal sale.  "The starting point for the interpretation of a statute is always its language, and courts must presume that a legislature says in a statute what it means and means in a statute what it says there[.]" *Azarte v. Ashcroft*, 394 F.3d 1278, 1285 (9th Cir. 2005) (citations, alteration, and internal

1   quotation marks omitted). Courts must "determine whether the language at issue has a plain and
2   unambiguous meaning with regard to the particular dispute in the case. Any inquiry must cease if
3   the statutory language is unambiguous and the statutory scheme is coherent and consistent."
4   *Gorospe v. C.I.R.*, 451 F.3d 966, 968 (9th Cir. 2006) (citation and alteration omitted).

   The text of Section 13 of the Securities Act, 15 U.S.C. § 77m., is not ambiguous. It explicitly delineates the specific statutes of limitations for liability under Section 11 or Section 12(a)(2) of the Securities Act (i.e. "after discovery") and under Section 12(a)(1) of the Securities Act (i.e. "after the violation"). In particular, Section 13 of the Securities Act of 1933 (15 U.S.C. § 77m) states:

> No action shall be maintained ***to enforce any liability created under section 11 or section 12(a)(2) unless brought within one year after the discovery*** of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence, ***or, if the action is to enforce a liability created under section 12(a)(1), unless brought within one year after the violation upon which it is based***. In no event shall any such action be brought to enforce a liability created under section 11 or section 12(a)(1) more than three years after the security was bona fide offered to the public, or under section 12(a)(2) more than three years after the sale.

Section 13 of the Securities Act, 15 U.S.C. § 77m. (Emphasis added).

   Moreover, if Congress intended the statute of limitations for 12(a)(1) violations to be one year after the discovery of the violation, as Plaintiffs argue, they would not have needed to specifically delineate the 12(a)(1) violations from the Section 11 or Section 12(a)(2) violations and all violations would have been lumped together. Because Section 13 of the Securities Act is both plain and unambiguous, any other inquiry must cease.

   This interpretation is illustrated in *In Lubin v. Sybedon Corp.*, 688 F.Supp. 1425, 1451 (S.D.Cal.1988) and *Meadows v. Pacific Inland Securities Corp.*, 36 F.Supp.2d 1240, 1251 (S.D.Cal. 1999). In <u>Lubin</u>, the court relied on reasoning developed in *In re Rexplore, Inc. Sec. Litig.*, 671 F.Supp. 679, 687 (N.D.Cal.1987) finding that the one-year statute of limitations is absolute with regard to 12(1) claims:

> [There is] persuasive reasoning for holding that the one-year aspect is absolute: In the opinion of this Court, the statutory language compels the conclusion that the equitable tolling doctrine was not intended to apply to section 12(1) claims. The statute specifically provides for accrual upon discovery for section 12(2) claims, but does not include similar language as to section 12(1) claims. A reasonable construction of this language is that Congress intended the one year limitations period of section 12(1) claims to be absolute. Additionally, since the registration, or lack thereof, of securities is a public record and easily discovered, it is inappropriate to apply the equitable tolling doctrine to a claim brought for failure to register securities.

In *Lubin v. Sybedon Corp.*, 688 F.Supp. 1425, 1450-451 (S.D.Cal.1988).

In *Meadows v. Pacific Inland Securities Corp.*, 36 F.Supp.2d 1240, 1251 (S.D.Cal. 1999), the court stated that the statute of limitation for Section 12 claims "does not read like any other statute, as the statute provides for accrual upon discovery for section 12(2) claims, but does not so provide for 12(1) claims."

Here, the Plaintiffs allege that CFS (along with other broker dealers) sold illegal Notes to Plaintiffs in violation of Section 5 (without a registration statement) and thus violated Section 12(a)(1) of the Securities Act.  The Complaint alleges that these illegal notes were sold to Plaintiffs by Defendant CFS between November 2006 and May 2008 and that prior to the time of Plaintiffs' purchases, a violation of Section 5 of the Securities Act had occurred. (Compl. ¶ 20). The Plaintiffs' original complaint against CFS, however, was not filed until November 17, 2009, more than one year[2] after the alleged violations for offering or selling unregistered securities. Because the Plaintiffs did not bring their action "within one year after the violation upon which it is based" (i.e. the date the Notes were offered and sold to unaccredited investors in violation of the registration exemption), Count 1 for violation of Section 12(a)(1) is time barred and must be dismissed for failure to state a claim upon which relief may be granted.

Furthermore, in Plaintiffs' Opposition, they state, at page 19, that *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 98-99 (2d. Cir. 2004) is distinguishable because it addresses the three-

---

[2] If taking Plaintiffs allegations as true, then Plaintiffs Complaint against CFS and CFH was actually filed more than three years after the alleged violation since Plaintiffs alleging a violation before any sale to Plaintiffs (i.e. before November 2006).

-5-

year statute of repose, not the one year statute of limitation. However, based on the Plaintiffs' Complaint, this statute of repose would apply in this case. The statute of repose related to Section 13 of the Securities Act states that "[i]n no event shall any such action be brought to enforce a liability created under section 11 or section 12(a)(1) more than three years after the security was bona fide offered to the public, or under section 12(a)(2) more than three years after the sale." For determining when the statute begins to run, that is, when the security was bona fide offered to the public (for the Section 12(a)(1) claim), the Central District of California adopts the first offered test based on weight of authority (i.e. the date of defendant's first sales-related activity). *In re National Mortgage Equity Corp. Mortgage Pool Certificates Sec. Litig.*, 636 F.Supp, 1138, 1167 (C.D. Cal. 1986). In this case, the Plaintiffs assert in their Complaint that "<u>prior to</u>" the Plaintiffs' purchases between November 2006 and May 2008, "a violation of Section 5 of the Securities Act had occurred." (Compl. ¶ 20). The Plaintiffs also allege in their Complaint that "the multiple offerings constituted one single integrated offering." (Compl ¶ 67). Thus, taking the facts pleaded as true, the Notes were bona fide offered to the public in December 2003 (the date of the MP I offering – the first offering) (Compl. ¶ 36), and even if using date of Defendant CFS' first sale of the MP III offering, prior to November 2006. The original complaint filed by Plaintiffs against CFS and CFH was filed on November 17, 2009 (the complaint against some of the other Defendants was filed on September 18, 2009). Plaintiffs' Section 12(a)(1) claim was filed more than three years after the Notes were bona fide offered to the public, and is therefore barred by Section 13's statute of repose.

**B.      Plaintiffs Do Not State Any Claims under Section 12(a)(2).**

       *1.      Section 12 Does Not Apply to a Private Placement Offering.*

Contrary to what Plaintiffs state in their Opposition at page 22, Section 12(a)(2) of the 1933 Securities Act, 15 U.S.C. § 771(a)(1), is inapplicable to private offerings.

> An examination of § 10 reveals that, whatever else "prospectus" may mean, the term is confined to a document that, absent an overriding exemption, must include the "information contained in the registration statement." By and large, only public offerings by an issuer of a security, or by controlling

shareholders of an issuer, require the preparation and filing of registration statements.

*Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 569, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995). See 15 U.S.C. §§ 77d, 77e, 77b(11).  The Court concluded that "the word 'prospectus' is a term of art referring to a document that describes a public offering of securities by an issuer or controlling shareholder." *Id*. at 584.  Here, the Medical Capital Private Placement Memorandums, and their recitations, were not held out to the public and were not a prospectus as the term is used in the 1933 Act.  The Notes were sold pursuant to a valid exemption from the registration requirements as stated in the Private Placement Memorandums.  See CFS' Request for Judicial Notice, Exhibits A, B and C.  Furthermore, except for conclusory allegations that the Notes were sold to unaccredited investors, Plaintiffs do not plausibility suggest that this exemption did not apply to the private offerings.  Here, the Plaintiffs fail to plead with specificity who these unaccredited investors were, what note offering the unaccredited investors invested in, who solicited these unaccredited investors, and when they invested in the offerings.  Thus, Plaintiffs' Complaint fails to meet the plausibility standard under Rule 8(a)(2) and the particularity standard under Rule 9(b) and fail to allege sufficient facts that Section 12 of the Securities Act even applies to this case.

### 2. *Plaintiffs' Claims under Section 12(a)(2) are Not Plead with Particularity.*

Even in Plaintiffs' Opposition, Plaintiffs still fail to set forth with particularity the who, what, where, when, why, and how of their Section 12(a)(2) claim. The alleged violations of the 1933 Act § 12(a)(2) are subject to Federal Rule of Civil Procedure 9(b), if their complaint "sounds in fraud." See *In re Daou Systems, Inc*., 411 F.3d 1006, 1027 (9th Cir. 2005).  To ascertain whether a complaint "sounds in fraud," courts must normally determine, after a close examination of the language and structure of the complaint, whether the complaint "allege[s] a unified course of fraudulent conduct" and "rel[ies] entirely on that course of conduct as the basis of a claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir.2003).  A complaint that gives some details about the contents of the statement, but contains no information on why it was false

1  fails to meet the requirements of Rule 9(b).  *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1133 (9th Cir. 2002).  A complaint that alleges a prospectus "contained untrue statements of material facts, omitted to state other facts necessary to make the statements not misleading, and concealed and failed to disclose material facts" are textbook examples of conclusory allegations that fail to satisfy the particularity requirements of Rule 9(b).  *Id*.  A securities fraud complaint based on a purportedly misleading omission must "specify the reason or reasons why the statements made by [the defendant] were misleading or untrue, not simply why the statements were incomplete." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1162 (9th Cir. 2009) (quoting *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir.2002)).  Moreover, a claim based on the omission of information must demonstrate that the omitted information existed at the time the registration statement became effective. *Id*. at 1164.

Here, Plaintiffs are alleging that they bought into a Ponzi Scheme (Plaintiffs' Opposition at 28; Compl. ¶¶ 89 to 122), and thus are alleging a "unified course of fraudulent conduct" and are relying "entirely on that course of conduct" as the basis of the Section 12(a)(2) claim.  Accordingly, Plaintiffs must plead this alleged fraud with particularity as required under Rule 8 and 9(b) the Federal Rules of Civil Procedure and as described above and in CFS' Motion to Dismiss.  The failure of Plaintiffs to plead any aspect of the alleged fraud with particularity in their Complaint and Opposition mandates dismissal of the claim.

**C.     Plaintiffs Do Not State Claims under Section 15.**

In order to plead control person liability, a plaintiff must allege (1) a primary violation of the securities laws and (2) "that the defendant exercised actual power or control over the primary violator." *No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp.*, 320 F.3d 920, 945 (9th Cir.2003) (internal quotations omitted). Here, the first element is not satisfied because Plaintiffs have not sufficiently alleged a primary violation of the securities laws and even if Plaintiffs did allege a primary violation (which they did not), Plaintiffs have failed to plead that CFH exercised actual power or control over CFS.

1. ***Plaintiffs Have Not Sufficiently Alleged a Primary Violation of Federal Securities Laws.***

For the reasons stated above and in CFS' "Notice of Motion and Motion to Dismiss Consolidated Amended Class Action Complaint; Memorandum of Points and Authorities," dated March 1, 2010, Plaintiffs have not properly alleged a violation of Section 12(a)(1) or 12(a)(2) by CFS. Because Plaintiffs have failed to plead a cognizable claim against CFS under Section 12 of the Securities Act, Plaintiff's control person claim under Section 15 of the Securities Act against Capital Financial Holdings necessarily fails as well.

2. ***Plaintiffs Have Not Sufficiently Alleged that CFH Exercised Actual Power or Control over CFS.***

"To establish that someone is a 'controlling person' the complainant must show that there was a relationship between the controlling and controlled person and that actual power or influence was exerted over the alleged controlled person." *Durham v. Kelly*, 810 F.2d 1500, 1503-04 (9th Cir. 1987); *Atlas v. Accredited Home Lenders Holding Co.*, 556 F.Supp.2d 1142, 1157 (S.D.Cal. 2008).

Nowhere in Plaintiffs' Complaint or Plaintiffs' Opposition do the Plaintiffs provide any factual allegations (beyond the conclusory allegations) to support their conclusions of control. Plaintiffs' Opposition at page 31 states that CFS and CFH share two officers and directors – Bradley Wells, President, CEO and CFO of CFH and Director and Treasurer of CFS; and Vance Castleman, Director of both entities – and that both entities have the same address and phone number. These allegations, however, do not mean that these individuals or CFH had any "actual power or control" or "exerted any influence" over the day to day operations of CFS, the decision making when it comes to any offerings solicited by CFS, or any involvement in the transactions at issue in this case. In fact, pursuant to CFS' BrokerCheck Report generated by FINRA, dated 10/14/09 (and provided as an Exhibit by Plaintiffs), Vance Castleman does not direct the management or policies of CFS and Bradley Wells had no license association with CFS until June 2009, <u>after</u> the issues in this case . *See* Plaintiffs' Request for Judicial Notice, Exhibit C at 8-9,

1  which Plaintiffs state in their Opposition at 31 may be considered on a motion to dismiss.[3]

2  Accordingly, Plaintiffs' Complaint fails to state a "control person" liability against CFH under

3  Section 15 of the Securities Act and this claim should be dismissed.

### III.  CONCLUSION

For the foregoing reasons, CFS and CFH respectfully request that the Court dismiss all of the claims in the Complaint asserted against them with prejudice.

DATED: April 28, 2010    CORPORATE LEGAL, LLC

By:  __/s/_ Christine K Dusbabek_____
     Christine K. Dusbabek

Attorneys for Defendants
CAPITAL FINANCIAL SERVICES, INC. AND
CAPITAL FINANCIAL HOLDINGS, INC.

---

[3] *See, e.g. Metzler Inc. GMBH v. Corinthian Colleges, Inc*., 540 F.3d 1049, 1064, n.7 (9th Cir. 2008) (finding that district court properly took judicial notice of publicly available documents and SEC filings).

# PROOF OF SERVICE

I, the undersigned, declare as follows:

I am employed by Corporate Legal, LLC, 6041 South Syracuse Way, Suite 305, Greenwood Village, Colorado 80111.  I am over 18 years of age and not a party to this action.

On April 28, 2010, I served the following documents:

1. DEFENDANT CAPITAL FINANCIAL SERVICES, INC.'S AND CAPITAL FINANCIAL SERVICES, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

On:        **ATTACHED SERVICE LIST**

__X__ By electronically filing with the Clerk of the United States District Court for the Central District of California, using the CM/ECF System, to the firms marked for *Via NEF*.  The Court's CM/ECF System will send an email notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

__X__ By electronically transmitting via email to the email addresses marked for *Via E-Mail* on the attached service list on this date.

_____ By placing the document(s) listed above for collection for mailing to the firms marked for *Via First Class Mail* on the attached service list following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Greenwood Village, Colorado addressed as set forth below.

_____ By personally delivering the document(s) listed above to the person(s) marked for *Via Personal* on the attached service list on this date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Executed on April 28, 2010, at Greenwood Village, Colorado.

By: __/s/ Christine K Dusbabek_____
Christine K. Dusbabek

## SERVICE LIST

| | |
|---|---|
| Daniel C. Girard (Via NEF)<br>  Email: dcg@girardgibbs.com<br>Jonathan K. Levine (Via NEF)<br>  Email: jkl@girardgibbs.com<br>Amanda M. Steiner (Via NEF)<br>  Email: as@girardgibbs.com<br>Todd I. Espinosa (Via Email)<br>  Email: tie@girardgibbs.com<br>Rebecca A. Netter (Via NEF)<br>  Email: ran@girardgibbs.com<br>**GIRARD GIBBS LLP**<br>601 California Street, 14th Floor<br>San Francisco, CA 94108<br>Phone: (415) 981-4800<br>Fax: (415) 981-4846<br><br>*Plaintiffs' Co-Lead Counsel* | Robin F. Zwerling (Via NEF)<br>  Email: rzwerling@zsz.com<br>Stephen L. Brodsky (Via NEF)<br>  Email: sbrodsky@zsz.com<br>**ZWERLING, SCHACHTER & ZWERLING, LLP**<br>41 Madison Avenue<br>New York, NY 10010<br>Phone: (212) 223-3900<br>Fax: (212) 371-5969<br><br>*Plaintiffs' Alvin & June Sabroff's Co-Lead Counsel* |
| Dan Drachler (Via NEF)<br>  Email: ddrachler@zsz.com<br>**ZWERLING, SCHACHTER & ZWERLING, LLP**<br>1904 Third Avenue, Suite 1030<br>Seattle, WA 98101<br>Phone: (206) 223-2053<br>Fax: (206) 343-9636<br><br>*Plaintiffs' Alvin & June Sabroff's Co-Lead Counsel* | James R. Capretz (Via Email)<br>  Email: jcapretz@capretz.com<br>Don K. Ledgard (Via NEF)<br>  Email: dledgard@capretz.com<br>**CAPRETZ & ASSOCIATES**<br>5000 Birch Street, Suite 2500<br>Newport Beach, CA 92660<br>Phone: (949) 724-3000<br>Fax: (949) 757-2635<br><br>*Plaintiffs' Alvin & June Sabroff's Local Counsel* |
| Ari H. Jaffe (Via Email)<br>  Email: ahj@kjk.com<br>**KOHRMAN JACKSON & KRANTZ, PLL**<br>One Cleveland Center, 20th Floor<br>1375 East Ninth Street<br>Cleveland, OH 44114<br>Phone: (216) 696-8700<br>Fax: (216) 621-6536<br><br>*Plaintiffs' Counsel* | |

| | |
|---|---|
| Julia Rider (Via NEF)<br>  Email: jjr@jmbm.com<br>Paul A. Kroeger (Via NEF)<br>  Email: pak@jmbm.com<br>**JEFFER MANNGELS BUTLER & MARMARO LLP**<br>1900 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>Phone: (310) 203-8080<br>Fax: (310) 203-0567<br><br>*Counsel for Defendant Cullum & Burks Securities, Inc.* | Gregory J. Sherwin (Via NEF)<br>  Email: gregsherwin@ffandslaw.com<br>H. Thomas Fehn (Via NEF)<br>Orly Davidi (Via NEF)<br>**FIELDS FEHN & SHERWIN**<br>11755 Wilshire Blvd., 15th Floor<br>Los Angeles, CA 90025<br>Phone: (310) 473-6338<br>Fax: (310) 473-8508<br><br>*Counsel for Defendant CapWest Securities, Inc.* |
| Jeffrey K. Riffer (Via Email)<br>  E-mail: jriffer@elkinskalt.com<br>**ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP**<br>1800 Century Park East, 7th Floor<br>Los Angeles, CA  90067<br>Phone: (310) 746.4400<br>Fax: (310) 746.4499<br><br>*Attorneys for Defendants National Securities Corp. and National Holdings Corp.* | Mike Margolis (Via NEF)<br>  Email: margolis@winlaw.com<br>Timothy J. Martin (Via NEF)<br>  Email: tmartin@winlaw.com<br>**MARGOLIS & TISMAN LLP**<br>444 South Flower St., Suite 2300<br>Los Angeles, CA 90071<br>Phone: (213) 683-0300<br>Fax: (213) 683-0303<br><br>*Counsel for Defendants Securities America, Inc., Ameriprise Financial, Inc., and Securities America Financial Corporation* |
| Bruce M. Bettigole (Via NEF)<br>  Email: bruce.bettigole@sutherland.com<br>Deborah G. Heilizer (Via NEF)<br>  Email: deb.heilizer@sutherland.com<br>Nicholas T. Christakos (Via NEF)<br>  Email: nicholas.christakos@sutherland.com<br>**SUTHERLAND ASBILL & BRENNAN LLP**<br>1275 Pennsylvania Avenue, NW<br>Washington D.C. 20004<br>Phone: (202) 383-0165<br>Fax: (202) 637-3593<br><br>*Counsel for Defendants Securities America, Inc., Ameriprise Financial, Inc., and Securities America Financial Corporation* | Peter Ligh (Via NEF)<br>  Email: peter.ligh@sutherland.com<br>**SUTHERLAND ASBILL & BRENNAN LLP**<br>Grace Building<br>1114 Avenue of the Americas, 40th Floor<br>New York, NY 10036-7703<br><br><br>*Counsel for Defendants Securities America, Inc., Ameriprise Financial, Inc., and Securities America Financial Corporation* |