JEFFREY K. RIFFER (State Bar No. 87016)
*jriffer@elkinskalt.com*
SUSAN C. V. JONES (State Bar No. 149446)
sjones@elkinskalt.com
ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
1800 Century Park East, 7th Floor
Los Angeles, California 90067
Telephone: 310.746.4400
Facsimile: 310.746.4499

Attorneys for Defendants NATIONAL
SECURITIES CORP. and NATIONAL
HOLDINGS CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANA MCCOY, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CULLUM & BURKS SECURITIES, INC., et al.,<br><br>Defendants. | CASE No. SACV 09-1084 DOC(RNBx)<br><br>DEFENDANT NATIONAL SECURITIES CORP.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT |
| This document relates to:<br>No. 09-SACV-1084 DOC (RNBx)<br>No. 09-SACV-1295 DOC (RNBx)<br>No. 09-SACV-1340 DOC (MLG)<br>No. 09-SACV-8482 DOC (RNBx) | Date:  May 24, 2010<br>Time:  8:30 a.m.<br>Place: Ctrm 9D |

Defendant National Securities Corp. ("National Securities") respectfully submits this Reply Memorandum of Points and Authorities in Support of its Motion to Dismiss the Consolidated Amended Class Action Complaint (the "Complaint").

///

8499v1

## I. PREFATORY STATEMENT

Plaintiffs' Opposition does nothing to cure, and in fact compounds, the flaws of their Complaint. In their Complaint and again in their Opposition, Plaintiffs describe a complex and nefarious alleged scheme to defraud investors and misappropriate funds by a group of entities they label "the Medical Capital entities." The Medical Capital entities are not a party to this lawsuit. What Plaintiffs fail to do, either in the Complaint or in the Opposition, is plead any facts showing an involvement, participation or role in this scheme by Defendant National Securities. To the contrary, in their Complaint, and again in their Opposition, Plaintiffs merely lump all so-called "Broker Defendants" together on page 1, and only refer to National Securities by name once more in the whole 34-page omnibus opposition brief.

Plaintiffs' entire Complaint, and their Opposition, are dominated by the description of a supposedly elaborate, long-lasting and far-reaching fraudulent scheme in which Plaintiffs lost money. In their Opposition, however, Plaintiffs attempt to claim that this fraud is not the basis for their claims against the Broker Defendants. This makes no sense. The alleged Medical Capital fraud lies at the heart of every allegation in the Complaint. Because their claims against the Broker Defendants are fraud-based, Plaintiffs must plead them with particularity, which they have failed to do. For this basic reason, among others, the Complaint fails to state a claim against any of the Broker Defendants.

The deficiencies of Plaintiffs' Complaint, and the Opposition's failure to suggest a cure for them, are explained in more detail in the Reply Memorandum of Points and Authorities of co-Broker Defendant Securities America, Inc. (the "Securities America Reply"). In the interests of keeping duplicative filings to a minimum, National Securities hereby incorporates the Securities America Reply with regard to the detailed arguments which highlight the inadequacies of Plaintiffs' Complaint.

For the reasons set forth herein and in National Securities' moving papers, and in moving and reply papers of Securities America, the Court should dismiss the Complaint against National Securities under Federal Rule of Civil Procedure 12(b)(6), since the Complaint fails to state a claim upon which relief can be granted.

## II. PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM AGAINST NATIONAL SECURITIES OR ANY BROKER DEFENDANT

As highlighted in Defendants' moving papers, Plaintiffs' Complaint against the Broker Defendants is rife with fundamental flaws. The Opposition offers no suggestions to cure those flaws. Rather, it asks the Court to ignore them and permit Plaintiffs to pursue claims against the Broker Defendants based upon an almost complete absence of factual allegations of wrongdoing. The Court should dismiss Plaintiffs' Complaint against the Broker Defendants in general, and National Securities in particular, for a number of reasons.

First, Plaintiffs devote the majority of their Complaint, and most of their Opposition, to describing the alleged fraudulent scheme surrounding the Medical Capital promissory notes which caused their damage. Given that this scheme lies at the heart of all their claims against the Broker Defendants, they must plead the details of the scheme, and National Securities' role in it, with particularity. F.R.Civ.P. 9(b). The Complaint does not do this. In fact, the Complaint does not even satisfy the more lenient pleading standard for non fraud-based claims set forth in Federal Rule of Civil Procedure 8(a)(b)(2), in that it fails to allege any facts at all concerning National Securities supposed wrongdoing. *See* Securities America Reply, incorporated herein by this reference.

Second, Plaintiffs' Opposition unsuccessfully attempts to circumvent the fact that its claim under Section 12(a)(1) of the Securities Act, 15 U.S.C. § 77l(a)(1), is subject to a one year statute of limitations. 15 U.S.C. § 77m. The claims against National Securities are time-barred on their face, since Plaintiffs plead no facts to

1  bring those claims within the one year period.  Moreover, the law is clear that the
2  "discovery rule" which might toll the statute of limitations does not apply to claims
3  under Section 12(a)(1).  *See* Securities America Reply, incorporated herein by this
4  reference.

5        <u>Third</u>, Plaintiffs' Section 12(a)(1) claim also fails against National Securities
6  because Plaintiffs fail to allege that either that James or Cheryl Merrill (the only
7  Plaintiffs with claims against National Securities) themselves were "unaccredited
8  investors," or that any other "unaccredited investors" purchased Medical Capital
9  promissory notes prior to the Merrills' purchase.  *See* Securities American Reply,
10 incorporated herein by this reference.

11       <u>Fourth</u>, Plaintiffs' claim under Section 12(a)(2) of the Act also fails to satisfy
12 the pleading requirements of Federal Rule of Civil Procedure 9(b).  Since this claim,
13 like the 12(a)(1) claim, sounds in fraud, Plaintiffs must plead National Securities'
14 role in that fraud with particularity and have failed to do so.  In addition, neither the
15 Complaint nor the Opposition identifies any specific alleged misstatements and
16 omissions in written materials that were false or misleading when made.  *See*
17 Securities America Reply, incorporated herein by this reference.
18 ///
19 ///
20 ///
21 ////
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

8499v1

4

## III. **CONCLUSION**

For the reasons set forth herein and in National Securities moving papers, and in the moving and reply papers of Securities America as specified and incorporated herein, the Court should dismiss the Complaint against National Securities.

DATED: April 28, 2010

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP

By: /s/ Susan C. V. Jones
Susan C. V. Jones
Attorneys for Defendants NATIONAL SECURITIES CORP. and NATIONAL HOLDINGS CORP.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1800 Century Park East, 7th Floor, Los Angeles, California 90067.

On April 28, 2010, I served true copies of the following document(s) described as **DEFENDANT NATIONAL SECURITIES CORP.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT** on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 28, 2010, at Los Angeles, California.

/s/ June E. Barrett
June E. Barrett

8499v1

6