1
BRUCE M. BETTIGOLE (Admitted *Pro Hac Vice*)
bruce.bettigole@sutherland.com

2
NICHOLAS T. CHRISTAKOS (Admitted *Pro Hac Vice*)
nicholas.christakos@sutherland.com

3
PETER LIGH (Admitted *Pro Hac Vice*)
peter.ligh@sutherland.com

4
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., NW

5
Washington, DC 20004-2415
Telephone:  (202) 383-0100

6
Facsimile:  (202) 637-3593

7
MIKE MARGOLIS, ESQ. SBN: 087785
margolis@winlaw.com

8
TIMOTHY J. MARTIN, ESQ. SBN: 150304
tmartin@winlaw.com

9
MARGOLIS & TISMAN LLP
444 South Flower Street, Suite 2300

10
Los Angeles, California 90071
Telephone: (213) 683-0300

11
Facsimile: (213) 683-0303

12
Attorneys for Defendants
AMERIPRISE FINANCIAL, INC.

13
and SECURITIES AMERICA FINANCIAL CORPORATION

14
# UNITED STATES DISTRICT COURT

15
## CENTRAL DISTRICT OF CALIFORNIA

16
## SOUTHERN DIVISION

17
JANA MCCOY, et al., on behalf of

18
themselves and all others similarly

19
situated,

20
Plaintiffs

21
v.

22
CULLUM & BURKS SECURITIES,
INC., et al.,

23

24
Defendants.

25
This document relates to:
No. 09-SACV-1084 DOC (RNBx)

26
No. 09-SACV-1295 DOC (RNBx)

27
No. 09-SACV-1340 DOC (MLG)
No. 09-SACV-8482 DOC (RNBx)

28

Case No. SACV 09-1084 DOC(RNBx)

**DEFENDANTS AMERIPRISE FINANCIAL, INC. AND SECURITIES AMERICA FINANCIAL CORP.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

**Date:       May 24, 2010**
**Time:       8:30 a.m.**
**Place:      Ctrm 9D**

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

**DEFENDANTS AMERIPRISE & SAFC'S REPLY IN SUPPORT OF THEIR MOTION TO
DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Printed on Recycled Paper

1  Defendants Ameriprise Financial, Inc. ("Ameriprise") and Securities America

2  Financial Corporation ("SAFC") (collectively, "Ameriprise/SAFC") submit this

3  Reply Memorandum of Points and Authorities in Support of their Motion to Dismiss

4  the Consolidated Amended Class Action Complaint ("Complaint" or "Compl.").

5  **1.     PLAINTIFFS FAIL TO STATE A CLAIM UNDER SECTION 15 OF**

6  **THE ACT (COUNT III)**

7  Nothing in Plaintiffs' opposition memorandum ("Opposition" or "Opp.")

8  changes the fact that Plaintiffs have not met their pleading obligations for alleging a

9  claim against Ameriprise/SAFC under Section 15 of the Securities Act of 1933 ("the

10  Act").

11  **A.     The Complaint's Factual Allegations Do Not Adequately Plead A**

12  **Violation Of Section 12 Of The Act**

13  As discussed in Securities America's Memorandum of Points and Authorities

14  in Support of its Motion to Dismiss the Consolidated Amended Class Action

15  Complaint, and its reply memorandum (both of which Ameriprise/SAFC incorporate

16  by reference), Plaintiffs simply have not properly alleged a violation of Section 12 of

17  the Act.   As such, there can be no liability under Section 15 of the Act by

18  Ameriprise/SAFC.  *See Paracor Fin., Inc. v. Gen. Elec. Capital Corp.*, 96 F.3d 1151,

19  1161 (9th Cir. 1996); *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir.

20  1996).

21  **B.     The Complaint's Factual Allegations Do Not Plausibly Suggest That**

22  **Either Ameriprise Or SAFC Controlled Securities America**

23  The Section 15 claim against Ameriprise/SAFC should also be dismissed

24  because the Complaint lacks sufficient factual allegations to show that either

25  Ameriprise or SAFC would be liable as a control person under Section 15 of the Act,

26  even if Securities America were liable under Section 12 of the Act.

27  As discussed in Ameriprise/SAFC's initial memorandum of points and

28  authorities, Plaintiffs fail to allege *facts* sufficient to show that Ameriprise or SAFC

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

1

**DEFENDANTS AMERIPRISE & SAFC'S REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Printed on Recycled Paper

M2Dismiss(AFI&SAFC)_100524_Reply

1   either (i) had the power to influence or control Securities America, or (ii) actually

2   exercised such power or control over Securities America.  (Ameriprise/SAFC Mem.

3   29.)  *See In re Downey Securities Litig.*, No. CV-08-3261-JFW, 2009 WL 2767670,

4   at *15 (C.D. Cal. Aug. 21, 2009).  Plaintiffs' conclusory allegation that "Defendants

5   Ameriprise and Securities America Financial had the power to influence and control

6   and actively used this influence and control over Defendant Securities America"

7   (Compl. ¶ 154) does not contain any allegations of *fact*.  The only non-conclusory

8   facts alleged in the Complaint relating to alleged control of Securities America by

9   SAFC or Ameriprise—partial ownership of Securities America by SAFC, complete

10  ownership of SAFC by Ameriprise, and two individuals who are both officers of

11  SAFC and Securities America (Compl. ¶¶ 24-25)—fall short of plausibly suggesting

12  that either SAFC or Ameriprise had the power to influence and control Securities

13  America, or actually exercised control over Securities America.  *In re Downey*, 2009

14  WL 2767670, at * 15 (alleged ownership of stock and other "boilerplate allegations

15  are insufficient to state a claim for control person liability") (citation omitted).

16          Plaintiffs' suggestion that parent corporations are automatically control persons

17  with respect to their wholly-owned or majority-owned subsidiaries (Opp. 31) is

18  unsupported by the cases cited by Plaintiffs.[1]  In *In re UTStarcom., Inc. Securities*

19  *Litigation*, 617 F. Supp. 2d 964 (N.D. Cal. 2009), the plaintiffs did not merely plead

20  that the alleged control person was the subsidiary's "largest shareholder"; they also

21  pled factual allegations that the alleged control person was a large customer of the

22  subsidiary, and that the alleged control person's CEO (who was also the President,

23  ────────────────────────

24  [1] Plaintiffs' reliance on a case from the Southern District of New York, *Borden, Inc.*
    *v. Spoor Behrins Campbell & Young, Inc.*, 735 F. Supp. 587, 591 (S.D.N.Y. 1990), is
25  curious, since the "control person" test in the Second Circuit requires that a plaintiff
    must plead culpable participation by the alleged controlling party in the fraud
26  perpetrated by the controlled person.  *See, e.g.*, *Ganino v. Citizens Utils. Co.*, 228
    F.3d 154, 170 (2d Cir. 2000).  Plaintiffs here have not even attempted to make any
27  allegations of culpable participation by SAFC or Ameriprise.

28

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

2

Printed on Recycled Paper

**DEFENDANTS AMERIPRISE & SAFC'S REPLY IN SUPPORT OF THEIR MOTION
TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

M2Dismiss(AFI&SAFC)_100524_Reply

1    Chairman and largest shareholder of the alleged control person) signed Forms 10-K

2    for the subsidiary.  617 F. Supp. 2d at 979.  Similarly, in *In re Musicmaker.com*

3    *Securities Litigation*, No. CV00-2018 CAS (MANX), 2001 WL 34062431 (C.D. Cal.

4    June 4, 2001), not only did Virgin Holdings Inc. hold a majority interest in

5    Musicmaker.com, Inc. ("Musicmaker"), but also the same registration statement for

6    the Musicmaker IPO which was alleged to contain false and misleading statements

7    stated that "Virgin Holdings will exercise significant control over all matters

8    requiring stockholder approval."  2001 WL 34062431, at *17 (citation omitted).  In *In*

9    *re Charles Schwab Corp. Securities Litigation*, 257 F.R.D. 534, 550 (N.D. Cal.

10   2009), the corporate entities sued under the control person statute included the

11   alleged "'principal underwriter and distributor for [the] shares,' the entity that

12   'over[saw] the asset management and administration of the [fund],' and the registrant

13   and issuer of the shares."  Finally, in *Siemers v. Wells Fargo & Co.*, No. C 05-04518

14   WHA, 2006 WL 2355411 (N.D. Cal. Aug. 14, 2006), the plaintiff there alleged that

15   the alleged control  person parent company actually controlled the actions of the

16   subsidiary, "including the content and dissemination of the various statements which

17   [p]laintiff contends are false and misleading."  2006 WL 2355411, at *13-14.

18        In contrast to the specific factual allegations cited in those cases relied on by

19   Plaintiffs, no such specific allegations are made in this litigation by Plaintiffs, who

20   fail to properly plead a "control person" liability claim against SAFC or Ameriprise.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

3

Printed on Recycled Paper

M2Dismiss(AFI&SAFC)_100524_Reply

## 2.    CONCLUSION

For the foregoing reasons and the reasons stated in their initial memorandum of points and authorities, Defendants Ameriprise and SAFC request that the Complaint, and all claims against them, be dismissed.


Dated:  April 28, 2010          Respectfully submitted,

BRUCE M. BETTIGOLE
NICHOLAS T. CHRISTAKOS
PETER LIGH
SUTHERLAND ASBILL & BRENNAN LLP


By: /s/ Nicholas T. Christakos
      Nicholas T. Christakos

MIKE MARGOLIS
TIMOTHY J. MARTIN
MARGOLIS & TISMAN LLP


By: /s/ Timothy J. Martin
      Timothy J. Martin

Attorneys for Defendants
AMERIPRISE FINANCIAL, INC. and
SECURITIES AMERICA FINANCIAL
CORPORATION

MARGOLIS & TISMAN LLP
ATTORNEYS AT LAW

444 SOUTH FLOWER STREET
SUITE 2300
LOS ANGELES
CALIFORNIA 90071

Printed on Recycled Paper

**DEFENDANTS AMERIPRISE & SAFC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**