# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re: Medical Capital Securities Litigation** <br><br> This document relates to: <br><br> SACV 09-1048 DOC (RNBx) <br> SACV 09-1084 DOC (RNBx) <br> SACV 10-0478 DOC (RNBx) <br> SACV 10-0548 DOC (RNBx) <br> SACV 10-0549 DOC (RNBx) <br> SACV 10-0979 DOC (RNBx) <br> _____ | CASE NO SAML10-2145DOC(RNBx) <br><br> **INITIAL MULTIDISTRICT COORDINATION O R D E R** |

By order of the Judicial Panel on Multidistrict Litigation (J.P.M.L.), actions were transferred and assigned to this Court for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407 in orders dated April 15, 2010 and May 3, 2010. On June 14, 2010, the Court held its initial conference in this matter. The Court, after reviewing the initial conference papers and supplemental papers filed by the parties, and having held oral argument on the matter, finds as follows:

1. *Steven Masonek, et al. v. Wells Fargo Bank, National Association, et al.*, No. SACV 09-1048 DOC (RNBx), shall be joined as a member action in the Multidistrict Litigation (MDL). Pursuant to Panel Rule 7.5(a), the Court may join *Masonek* with no

Case 8:09-cv-01084-DOC -RNB   Document 93   Filed 06/30/10   Page 2 of 5

further action of the J.P.M.L. The defendants in *Masonek*, Wells Fargo and the Bank of New York Mellon, are identical to the defendants in the case of *Kenneth Bain, et al. v. Wells Fargo Bank, N.A., et al.*, No. SACV 10-0548 DOC (RNBx), which has already been transferred by the J.P.M.L. to this Court as a part of the Multidistrict Litigation (MDL). The complaints in the respective actions allege the same four claims for relief against the defendants and are based on the same nucleus of facts, which is an alleged failure of the banks acting as trustees to oversee the investment funds of the Medical Capital Holdings entities. Efficiency counsels in favor of joining *Masonek* as a member action of the MDL, and finding no convincing countervailing reasons to not so join, the Court ORDERS *Masonek* joined.

2. Following the initial conference hearing, Plaintiffs in *Katrina A. Zinner, et al. v. Securities America, Inc., et al.*, Case No. 10-3051 in the District of Nebraska, withdrew their opposition to the Conditional Transfer Order pending before the J.P.M.L. The transfer to this district as a member action of the MDL is now complete, and the action has been assigned case number SACV 10-0979 DOC (RNBx).

3. **Broker-Dealer Actions:** The actions in the MDL fall into two basic categories, which the parties acknowledge and which the Court will use in the future as useful shorthand for the entities who are named as Defendants. The first category is the "Broker-Dealer Actions," into which falls:

- *McCoy v. Cullum & Burks Securities, Inc., et al.*, No. SACV 09-1084, as well as the actions already consolidated into *McCoy*: *Sabroff, et al. v. Securities America, Inc., et al.*, No. SACV 09-1295; and *Merrill, et al. v. National Securities Corp., et al.*, No. SACV 09-1340;
- *Grossbard, et al. v. Securities America Financial Corp., et al.*, No. SACV 10-0478 DOC (RNBx);
- *Zinner, et al. v. Securities America, Inc., et al.*, No. SACV 10-0979 DOC (RNBx); and
- *Douglas Co. Individual Practice Assoc., Inc., et al. v. Medical Capital*

*Holdings, et al.*, No. SACV 10-0549 DOC (RNBx).

Per agreement of the parties, *Grossbard* shall be consolidated with *McCoy* for all pretrial purposes.  *Zinner* shall also be consolidated with *McCoy* for all pretrial purposes.  Per agreement of the parties, *Douglas*, if not remanded subject to the pending Motion to Remand, shall be coordinated with *McCoy* for all pretrial proceedings with the exception of non-duplicative discovery relevant to *Douglas*.

Co-Lead Counsel for the *McCoy* action have already been appointed under the terms of the Private Securities Litigation Reform Act pursuant to an order of the Court on December 8, 2009.  These counsel are the firms of Girard Gibbs LLP and Zwerling, Schachter & Zwerling.  At the initial conference, counsel for *Zinner* acknowledged this appointment but requested a participatory role for *Zinner* counsel in the overall leadership structure of the Broker-Dealear actions as provisional/interim class counsel under Federal Rule of Civil Procedure 23(g).  Counsel for *Douglas and Grossbard* indicated that they supported only the previously appointed Co-Lead Counsel.  *Grossbard* and *Zinner* assert similar claims, and *Grossbard* was the first-filed action of the two.  The Court did not find the *Zinner* counsel's purported evidence and authority regarding alleged impropriety of the actions of counsel in *McCoy* and *Grossbard* to be convincing.  After having listened to oral argument on the matter and taking into account the opinions of counsel for the member actions, the Court finds the Co-Lead Counsel already appointed in the *McCoy* actions to be most qualified to lead the pretrial proceedings for the Broker-Dealer actions and the appointment of any additional counsel to be unnecessary.

Co-Lead Counsel of Girard Gibbs LLP and Zwerling, Schachter & Zwerling shall have overall responsibility for all discovery conducted in the Broker-Dealer Actions with the exception of non-duplicative discovery in *Douglas*.

4. **Trustee Actions:** The second category is the "Trustee Actions," into which falls:

- *Masonek, et al. v. Wells Fargo Bank, National Association, et al.*, No.

SACV 09-1048 DOC (RNBx);

- *Bain, et al. v. Wells Fargo Bank, N.A., et al.*, No. SACV 10-0548 DOC (RNBx); and

- *Douglas Co. Individual Practice Assoc., Inc., et al. v. Medical Capital Holdings, et al.*, No. SACV 10-0549 DOC (RNBx).

*Bain* shall be consolidated with *Masonek* for all pretrial purposes. *Douglas*, if it is not remanded subject to the pending Motion to Remand, shall be coordinated with *Masonek* for all pretrial proceedings.

*Douglas* is listed in both categories because it is what the Court deems a crossover action, asserting claims for relief against both the Broker-Dealer and Trustee entities.

The Court has also been apprised that a motion to transfer pursuant to 28 U.S.C. § 1404(a) is pending in the United States District Court for the Southern District of Florida in the action of *Abbate, et al. v. Wells Fargo Bank, et al.*, No. 09-cv-62047-MGC. Should the action be transferred to this Court, it would fall into the Trustee Actions category.

Interim Co-Lead Counsel were previously appointed in *Masonek* pursuant to orders of the Court on October 21, 2009 and December 21, 2009. The Interim Co-Lead Counsel are the firms of Cotchett, Pitre & McCarthy and Milberg LLP. These firms shall have overall responsibility for all discovery conducted in the Trustee Actions with the exception of non-duplicative discovery in *Douglas*.

5. ***Discovery Coordination between Broker-Dealer and Trustee Actions:*** There is at least minimal overlap between the discovery required between the Broker-Dealer and Trustee Actions, as they will both require discovery into the operations of the Medical Capital Holdings investments. The Broker-Dealer and Trustee Actions shall engage in informal coordination of discovery. Should any party find informal coordination to be insufficient at any time, they may bring a motion before the Court proposing a structure for formal coordination.

6. Only lead counsel shall make appearances in this action.

7. The parties shall select two Discovery Masters for use in this action as necessary: one general discovery master and another solely for electronic discovery. While the parties made a preliminary determination as to the Discovery Masters at the initial conference, the selection shall be confirmed and finalized through a joint stipulation by the Court's next hearing on this matter on July 8, 2010.

8. All discovery motions not addressed by the Discovery Masters shall be filed with this Court, not the Magistrate Judge assigned to the action.

9. This Order shall also apply to related cases later filed in, removed to, or transferred to this Court.

IT IS SO ORDERED.

DATED: June 30, 2010

_____
DAVID O. CARTER
United States District Judge